1  KIEVE LAW OFFICES
   Loren Kieve (Bar No. 56280)
2    lk@kievelaw.com
   5A Funston Avenue
3  The Presidio of San Francisco
   San Francisco, California  94129-5266
4  Telephone:     (415) 364-0060
   Facsimile:     (435) 304-0060
5  lk@kievelaw.com

6  Counsel for Plaintiff
   Grouse River Outfitters, Ltd.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| GROUSE RIVER OUTFITTERS, LTD , | CASE NO.  16-CV-02954 LB |
|---|---|
| Plaintiff, | DECLARATION OF LOREN KIEVE IN SUPPORT OF MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| vs. | |
| NETSUITE, INC., | |
| Defendant. | |

Loren Kieve states:

1. I am counsel for plaintiff Grouse River Outfitters, Ltd ("Grouse River").

2. I make this declaration based on my personal knowledge.

3. The first amended complaint alleges in detail that defendant NetSuite, Inc. ("NetSuite") has defrauded Grouse River and repeatedly breached its contractual agreement to supply Grouse River with a functional integrated software system to meet Grouse River's needs.

4. Grouse River filed its complaint on June 2, 2016.

5. The same day, I sent by e-mail a letter to NetSuite General Counsel Doug Solomon as follows:

> Accompanying this letter please find a courtesy copy of the complaint that was filed today.

1    As you will see, there are a significant number of serious outstanding issues with
2 the NetSuite software system supplied to my client.
3    Pending the resolution of this dispute, I would ask that NetSuite not attempt to turn
4 off or disconnect any services or applications supplied to Grouse River.
5    Please check with Mr. Charlie Chi, NetSuite's account manager, for the details.
6    My client would be amenable to a mediation to attempt to resolve these issues.

7   6.   On or about June 21, 2016, I and Scott Gattey, NetSuite's counsel, had a telephone
8 call where I said that the parties should have a mediation to try to resolve their issues, and that the
9 most pressing issue for Grouse River was to transition from the NetSuite software system to one
10 that would not continue to inflict damage on Grouse River.

11   7.   Pending a decision on this issue, Mr. Gattey asked for an extension of three weeks to
12 respond to the complaint.

13   8.   As requested by Mr. Gattey, I sent him a large volume of information reflecting the
14 communications between Grouse River and NetSuite and the damage done by NetSuite to Grouse
15 River and its business.

16   9.   I was in an arbitration hearing the week of June 27, 2016.

17   10.   The first time I was able to review my June 28 e-mails was at 8:30 p.m. on
18 Wednesday, June 29.  I found an e-mail with an attached letter from Mr. Gattey in my in-box that
19 had been sent by Net Mr. Gattey on the afternoon of June 28, 2016.

20   11.   That letter stated:
21       As your client likely told you, NetSuite Inc. ("NetSuite") issued four (4) invoices to
22       Grouse River for its continued use of the NetSuite solution. Those invoices are
23       attached for your reference. They are now well past due.
24       If your client wishes to continue to use the NetSuite solution, it must arrange to
25       make payment of $33,329.95 to NetSuite and such that it is received by NetSuite
26       no later than 5 pm Pacific Time on Thursday June 30, 2016. Please do let me know
27       as soon as possible whether your client intends to make payment on these invoices
28       by Thursday. While the parties' contract is clear about NetSuite's right to terminate

Loren Kieve Declaration                    2                    CASE NO.  16-CV-02954 LB

        access to the solution for your client's non-payment, we are providing this notice as a courtesy.

12. I immediately responded by e-mail:

        I have been (and still am) in a five day arbitration proceeding and did not see this until just now.

        I would ask that NetSuite continue service until the dispute between our clients is resolved.

        If it is not prepared to do so, I would ask to have until Wednesday, July 5, in which to respond so that I can consult with my client, and that NetSuite not do anything until then.

13. The next morning, Thursday, June 30, 2016, Mr. Gattey responded by e-mail:

        I will speak with my client, but at this point I suggest you reach out to your client to determine whether they are prepared to pay the outstanding amounts by the end of this week.

        My client has waited patiently for payment while your client has continued to use the NetSuite solution. At this point I cannot commit to an extention through July 5th.

14. At 5:11 p.m. June 30, 2016, Mr. Gattey responded by e-mail:

        As a courtesy my client will allow Grouse River to make a payment to NetSuite at any time prior to July 1st at 5pm Pacific time without any interruption in service.

15. To which I responded that same day:

        I was in an arbitration hearing all day and just received this on my return to the office.

        At this point it is impossible for Grouse River to remit the funds to NetSuite by NetSuite's deadline of 5:00 p.m. on July 1.

        Tomorrow is a national holiday in Canada and the banks are closed.

        The banks are also closed over the Saturday and Sunday weekend.

        The banks in the United States are closed on Monday, July 4.

It will therefore take Grouse River until Wednesday, July 6, to arrange the transfer.

Grouse River will have the funds in NetSuite's account by July 6.

It is remitting these funds under protest and with a full reservation of rights.

Grouse River's complaint specifically requested that NetSuite take no further action to damage Grouse River's business.

When you first contacted me, you asked me to send you the relevant documents showing NetSuite's repeated failures to fulfill its contractual obligations, and that you would get back to me on my suggestion that the parties agree on a standstill agreement to allow them to mediate this dispute and find a way (a) to transition Grouse River from NetSuite's dysfunctional service to one that works and (b) resolve the parties' disputes.

In connection with that, you requested an extension from the June 30 date that NetSuite had to respond to the complaint until July 22.

I received no word from you on the mediation proposal or next steps.

I expected that NetSuite would take no action that would damage Grouse River until you responded to my request for a mediation.

NetSuite's precipitous demand on June 28 that Grouse River pay NetSuite by June 30, two days later, or else it would cut off Grouse River's access to its online portal and therefore destroy Grouse River's business. is wholly contrary to our discussions and is further evidence of NetSuite's bad faith in its dealings with Grouse River.

If NetSuite cuts off Grouse River's service, it will destroy the company.

Please immediately confirm by no later than 9 a.m. tomorrow, July 1, that NetSuite will not terminate Grouse River's service so that Grouse River may arrange payment by July 6.

16. I followed this e-mail with another one at 7:39 p.m. on June 30, 2016:

Following up on my e-mail below, unless you confirm by 9:00 a.m. tomorrow that NetSuite will allow Grouse River until 5:00 p.m. on July 6 to pay the invoices under protest, I intend to move tomorrow morning for a temporary restraining order and then a preliminary injunction restraining NetSuite from doing so.

17. As of 9:00 a.m. on July 1, 2016, NetSuite has not retreated from its threat to terminate Grouse River's service by 5:00 p.m. on July 1, 2016.

18. Because the banks in Canada are closed on July 1, 2016 for the country's national Canada Day holiday, I understand that it is impossible for Grouse River to wire funds to NetSuite's bank in the United States.

19. Because the banks in both Canada and the United States are closed over the July 2-3, 2016 weekend, I understand that it is also impossible for Grouse River to wire funds to NetSuite.

20. Because the banks in the United States are closed on Monday, July 4, 2016, I understand that Grouse River cannot arrange for the transfer until July 5, 2016 and cannot guarantee that the funds will reach NetSuite's bank account until July 6, 2016.

21. NetSuite knows that, if it terminates Grouse River's service, it will destroy Grouse River and its business and irreparably and permanently damage Grouse River.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  July 1, 2016

*/s/ Loren Kieve*
Loren Kieve