

March 20, 2017

Honorable Laurel Beeler
United States Magistrate Judge
United States Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102

    *Case No. 16-CV-02954 LB; Joint Letter Brief Re: Discovery Matter*

Dear Judge Beeler:

    Lead counsel submit this joint letter brief on a discovery dispute.

**I.    STATEMENT OF UNRESOLVED ISSUES**

    Whether plaintiff Grouse River is obligated to provide responses to what it considers are premature contention interrogatories asking that Grouse River "state all facts" upon which it bases it claims in this action.

**II.    SUMMARY OF EACH PARTIES POSITION**

    <u>**Propounding Party NetSuite's Position:**</u>

    Grouse River's Second Amended Complaint ("SAC") against NetSuite is forty-seven (47) pages long and comprised of over two hundred and sixty eight (268) paragraphs. In light of what the Court has itself characterized as a "prolix" Complaint, NetSuite propounded a limited number of targeted interrogatories in an effort to better understand the basis for Grouse River's claims against it and to try to narrow the issues for both discovery and trial.

    Despite the sheer magnitude of Grouse River's claims and allegations, Grouse River has refused to provide NetSuite with *any* factual support for its claims for breach of contract, fraud or damages. In response to NetSuite's first set of Interrogatories to Grouse River, requesting that it "State All Facts" that support its breach of contract, fraud and damages claims, Grouse River has objected on the grounds that these are contention interrogatories and thus Grouse River is not required to respond at this stage of the case.



Grouse River did not even attempt to respond to the discovery in any way, and has not proposed any compromise.  *See* Accompanying Interrogatories and Responses.

An interrogatory is not *per se* objectionable because it is a contention interrogatory.  In fact, Federal Rules of Civil Procedure 33(a)(2) specifically allows for contention interrogatories: "***An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact***, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2) (emphasis added). As Magistrate Judge Chapman in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*. 175 F.R.D. 646, 650 (C.D. Cal. 1997) correctly noted:

> Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted …. ***The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections***. [Citation omitted].

*Id.* at 650 (emphasis added).  Relying primarily on out of state case law, secondary sources, *In re Convergent Technologies Secs. Litig.,* 108 F.R.D. 328, 338-39 (N.D. Cal. 1985), and its "not reported" progeny, Grouse River has taken the position that it need not respond at this time to interrogatories seeking the factual basis for Grouse River's allegations for breach of contract, fraud, and damages.  Although Judge Brazil previously noted it would  it might make sense to require a party seeking such information to explain why this information was needed "[m]ore recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded." *Cable & Computer Tech., Inc.,* 175 F.R.D. at 652 (emphasis added) *citing McCormick–Morgan, Inc. v. Teledyne Indus, Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991).

Following the principles Magistrate Judge Brazil set out in *McCormick-Morgan, Inc.,* Magistrate Judge Chapman, in *Cable & Computer Tech.* held that plaintiffs "must answer [the] interrogatories with information as they now possess...."  Finding that it "prefers to consider contention interrogatories in the *same manner* it would consider any interrogatory, ***placing the burden on the party opposing discovery rather than shifting the burden to the proponent of the contention interrogatories to justify their propoundment***" and "***[r]equiring the***



*answer to these "factual" contention interrogatories is "consistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint...."* Cable & Computer Tech., 175 F.R.D. at 652 (emphasis added).

As was the case in *Cable & Computer Tech.,* Grouse River sued defendant for breach of contract and fraud.  When the defendants sought to compel responses to certain of its first set of interrogatories, the plaintiff objected to all of them on the grounds they were "contention interrogatories" and, therefore, improper.  Plaintiff – like Grouse River's counsel, cited as support for this proposition *In re Convergent Technologies Secs. Litig.*  As noted above, however, Magistrate Judge Chapman properly rejected Plaintiff's arguments and treated the "State All Facts Interrogatories" in the same manner it would treat any interrogatory and placed the burden on the Plaintiff to explain why at this stage of the case it should not be required to provide the factual basis for its claims.[1]

Here, NetSuite is struggling to deal with Plaintiff's prolix Complaint.  It simply wants to – and deserves to – know what factual basis – if any – Grouse River has to support its claims. In light of Plaintiff's Rule 11 obligations to have a factual basis for its allegations, Grouse River should easily be able to -- at this time -- answer under oath these "State All Facts Interrogatories" with whatever information it has now and supplement later after additional facts are disclosed in discovery.  If it doesn't have information, it must state so.

Even if this Court chooses not to follow the reasoning in *Cable & Computer Tech.* and place the burden on Grouse River to explain why it should not have to respond to interrogatories seeking basic factual information, NetSuite can meet the burden under the *In re Convergent Technologies Sec. Litig.* framework to "show that responses would "contribute meaningfully" to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; *or* (4) exposing a substantial basis for a motion under Rule 11 or Rule 56." *In re Convergent Technologies Sec. Litig.,* 108 F.R.D. at 338–39.  However, "[t]hese guidelines **are not to be applied rigidly**, and so any decision must be made on a **case by case basis.**" *Id.* at 337 (emphasis added).

---

[1] As stated in footnote 3 of the *In re eBay Seller Antitrust Litigation* case cited *infra* by Grouse River, numerous courts have followed the "non-rigid rule" provided in *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, and "have been reluctant to apply the guidelines" outlined by *In re Convergent Technologies Secs. Litig.  In re eBay Seller Antitrust Litigation,* No. C07–1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008).



NetSuite respectfully requests that the Court compel Grouse River to provide responses to Interrogatory Nos. 2, 3, 5, 7, 9, 11, 13, 15, 18 and 19.  (See Joint Exhibit to Discovery Letter Brief)

**Grouse River's Position:**

Contrary to NetSuite's citation of twenty-year old, outdated and inapposite caselaw from another court, the longstanding practice in this Court looks with disfavor on "state all facts" contention interrogatories at the start of fact discovery.  *E.g.,* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, B. Interrogatories, Ch. 11(IV)-B, § 11:1682 (The Rutter Group 2017) ("Contention interrogatories asking for 'each and every fact,' or application of law to fact, that supports particular allegations in an opposing pleading may be held overly broad and unduly burdensome. [*IBP, Inc. v. Mercantile Bank of Topeka* (D KS 1998) 179 FRD 316, 321—providing 'every fact could require 'laborious, time-consuming analysis, search, and description of incidental, secondary, and perhaps irrelevant and trivial details']").

The Court should therefore exercise its discretion to order that a party does not need to answer a contention interrogatory until designated discovery is complete or at some other time. Fed. R. Civ. P. 33(a)(2); *In re eBay Seller Antitrust Litigation,* No. C07–1882 JF (RS), 2008 WL 5212170, at *1 (N.D.Cal. Dec.11, 2008); see also Fed. R. Civ. P. 26(e)(1) (party must supplement or correct its discovery response "in a timely manner" or "as ordered by the court"). "Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken." *In re eBay Seller Antitrust Litigation,* No. C07–1882 JF (RS), 2008 WL 5212170, at *1 (N.D.Cal. Dec.11, 2008) (citing *Tennison v. City & County of San Francisco*, 226 F.R.D. 615, 618 (N.D.Cal.2005)). "In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete." *Id.* (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D.Pa.1992); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332–38 (N.D.Cal.1985)).

This is particularly true given that Grouse Rivef's econd amended complaint [ECF Doc. 43] sets out, chapter and verse, precisely how and why NetSuite defrauded and breached its contract with Grouse River. Requiring Grouse River to reiterate these claims in response to NetSuite's "state all facts" interrogatories would be a meaningless exercise.

As the Court held in its December 15, 2016 order [ECF Doc. 54 at 5:1-7] denying NetSuite's motion to dismiss Grouse River's fraud claims:



Most fundamentally, Grouse River has identified the statements that are allegedly false. For each advertisement, it specifies when it was published and what was false. For each NetSuite communication, it specifies when it was made, what was said, and how it is false. It shows how the statements were false, primarily by alleging facts about a wholly deficient product and NetSuite's failure to meet any of its deliverables. It pleads evidence from SEC filings showing that NetSuite did not have the ability to deliver what it promised (meaning, its prior representations that it did were lies).

Grouse River's objections to NetSuite's overreaching "state all facts" contention interrogatories should be sustained.

### III.   EACH PARTY'S FINAL PROPOSED COMPROMISE

#### Defendant NetSuite's Compromise

NetSuite does not believe that requiring Grouse River to identify the facts supporting its claim is seeking anything more that a Defendant in a lawsuit is entitled.  As such, it does not believe it should be forced to give up the right to understand the facts supporting Plaintiff's claims. As the Court will recall, in the hearing on NetSuite's Second Amended Complaint – and when NetSuite sought more specificity – the Court noted that such specificity is found through discovery. That is exactly what NetSuite is now trying to do.  Had Grouse River offered a compromise NetSuite would have been happy to have considered it, but no compromise has been offered.

#### Grouse River's Compromise

NetSuite has not offered a compromise. Grouse River does not believe this binary dispute is capable of being resolved with some form of "compromise" position.

### IV.   ATTESTATION OF IN-PERSON MEET AND CONFER

Loren Kieve, lead counsel for Grouse River, and Scott Gattey, lead counsel for NetSuite, attest, under penalty of perjury, that they met and conferred in person and that were unable to resolve this discovery dispute.  Mr. Gattey attests he has Mr. Kieve's concurrence regarding the filing of this letter brief.

Sincerely,                                                          Sincerely,

Loren Kieve                                                      Scott D. Gattey

5
1001 Laurel Street, Suite C
San Carlos, CA 94070