UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GROUSE RIVER OUTFITTERS LTD, | Case No.16-cv-02954-LB |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| NETSUITE, INC., | [Re: ECF No. 62] |
| Defendant. | |

**ORDER**

### 1.    Background and Current Dispute

This is a breach-of-contract and fraud case. The plaintiff purchased from the defendant an integrated system for managing its retail sporting-goods business. The plaintiff alleges that the system was installed late and has never worked as promised. (That is a rough digest of the dispute, but it will do for immediate purposes.) The operative complaint is the Second Amended Complaint.[1]

The parties have a discovery dispute. The defendant has propounded, and the plaintiff has refused to answer, ten interrogatories. These are so-called "contention interrogatories."[2] The

---

[1] 2d Am. Compl. – ECF No. 43. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] "[T]he phrase 'contention interrogatory' is used imprecisely to refer to many different kinds of

United States District Court
Northern District of California

1  defendant has propounded them in the early stages of discovery. The disputed queries are all slight

2  variations on a narrow theme. They all ask the plaintiff to identify "all facts" that support some

3  given claim — such as the basic claims for fraud and breach of contract, and their associated

4  allegations of damage.[3] The defendant argues that these questions will help it "to better

5  understand" the "prolix" complaint and that they "try to narrow the issues for both discovery and

6  trial."[4]

7

8  **2.     Governing Law**

9       Contention interrogatories are governed primarily by procedural Rule 33(a)(2):

10         An interrogatory may relate to any matter that may be inquired into under Rule
           26(b). An interrogatory is not objectionable merely because it asks for an opinion
11         or contention that relates to fact or the application of law to fact, but the court may
           order that the interrogatory need not be answered until designated discovery is
12         complete, or until a pretrial conference or some other time.

13  Fed. R. Civ. P. 33(a)(2). "Courts using their Rule 33(a)(2) discretion generally disfavor contention

14  interrogatories asked before discovery is undertaken." *In re eBay Seller Antitrust Litig.*, No. C07-

15  1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008) (citing *Tennison v. City &*

16  *County of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal. 2005)). "In fact, courts tend to deny

17  contention interrogatories filed before substantial discovery has taken place, but grant them if

18  discovery almost is complete." *Id.* (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D.

19  Pa. 1992); *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 332-38 (N.D. Cal. 1985)). Thus,

20

21

22  questions. Some people would classify as a contention interrogatory any question that asks another
    party to indicate what it contends. Some people would define contention interrogatories as embracing
23  only questions that ask another party whether it makes some specified contention. Interrogatories of
    this kind typically would begin with the phrase 'Do you contend that . . . .' Another kind of question
24  that some people put in the category 'contention interrogatory' asks an opposing party to state all the
    facts on which it bases some specified contention. Yet another form . . . asks an opponent to state all
25  the evidence on which it bases some specified contention. Some contention interrogatories ask the
    responding party to take a position, and then to explain or defend that position, with respect to how the
26  law applies to facts. A variation on this theme involves interrogatories that ask parties to spell out the
    legal basis for, or theory behind, some specified contention." *In re Convergent Techs. Secs. Litig.*, 108
27  F.R.D. 328, 332 (N.D. Cal. 1985).

    [3] *See generally* ECF No. 62-1 (interrogatories).

28  [4] ECF No. 62 at 1, 3.

as a general rule, a party moving to compel responses to contention interrogatories at an early

stage in litigation must show that the responses would "contribute meaningfully" to one of the

following: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting

up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or

Rule 56. *See Convergent Technologies*, 108 F.R.D. at 337. "These guidelines are not to be applied

rigidly, and so any decision must be made on a case by case basis." *HTC Corp. v. Tech. Props.

Ltd.*, 2011 WL 97787, *2 (N.D. Cal. Jan. 12, 2011)); *see eBay Seller*, 2008 WL 5212170 at *1 and

n. 3 (acknowledging "non-rigid rule").

### 3.   Discussion & Decision

The plaintiff need not answer these interrogatories now. The court sees no especial benefit to

such "all facts" questions so early in discovery. To the contrary, they may be unproductive and

wasteful. The court has twice entertained motions to dismiss earlier iterations of this complaint.

The court is sympathetic to the defendant's "struggling to deal"[5] with this long and detailed

pleading. Effectively asking the plaintiff to repeat the allegations of that complaint, however, does

not seem at all likely to address this problem. Put differently, the interrogatories are not

"proportional to the needs of the case" — at least at this juncture. *See* Fed. R. Civ. P. 26(b)(1).

The fullness of the complaint indeed weighs against early contention interrogatories. The

*Convergent Technologies* court observed:

> If a complaint presents a relatively detailed specification of the real world events
> giving rise to it, and proceeds on relatively well established legal theories, an
> attempt to justify early use of contention interrogatories on the ground that answers
> would clarify the issues would not be especially persuasive.

*Convergent Technologies*, 108 F.R.D. at 337. This observation applies here. Whatever else may be

said of it, the complaint gives abundantly "detailed specifications" of the underlying facts and

advances "established legal theories." The proposed interrogatories — at this stage of the case —

effectively ask the plaintiff to repeat its allegations. There is little value in that. *Cf. eBay Seller*,

---

[5] *Id.* at 3.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    2008 WL 5212170 at *2 ("It is not apparent how these broad interrogatories, *particularly those*

2    *that track plaintiffs' complaint*, will serve to clarify the issues or narrow the scope of the litigation

3    at this juncture.") (emphasis added).

4      If the plaintiff's allegations need to be sharpened, and the ties between specific facts and

5    claims made clearer, that sharpening will be more effective after some discovery has progressed.

6    Discovery will write this case's lexicon. Contention interrogatories may then more usefully

7    demand that the plaintiff express its claims in the language (read: the body of facts) that discovery

8    will have established.

9      The court would emphasize that, at their core, the interrogatories are not objectionable. "There

10    is no dispute that, at some point, [Grouse River] will have to respond fully to these discovery

11    requests because [NetSuite] is entitled to the relevant information they seek to elicit." *eBay Seller*,

12    2008 WL 5212170 at *2. For now, though, the plaintiff need not answer them. This decision does

13    not prejudice either side's right to challenge or defend the interrogatories later.

14      This disposes of ECF No. 62.

15      **IT IS SO ORDERED.**

16      Dated: April 6, 2017

17

18                                      LAUREL BEELER
                                        United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28