August 6, 2018

***Grouse River v. NetSuite, No. 16-cv-2954 LB – Discovery Dispute***

Dear Judge Beeler:

Grouse River seeks to have the Court address the dispute set forth herein.  The parties have conferred by telephone and in-person and have not been able to resolve it.

1.  Statement of Unresolved Issues:

Grouse River:  Whether counsel for Grouse River ("GR") may communicate with any current NetSuite ("NS") employee who is not an NS "officer, director, or managing agent" and any former NS employee untrammeled by NS's assertion that GR cannot do so because NS's counsel recently "represent" or are "in the process of representing" these witnesses.

NetSuite:  Whether GR can contact ex parte: (1) any former NS employee who is represented by counsel, or (2) any current NS employee whose act or omission "*may* be binding upon or imputed to" NS or "whose statement *may* constitute an admission on the part of the organization"?

2.  Summary of the Parties' Positions:

Grouse River

The California Standards of Professional Conduct and the cases construing them apply in this Court, as does the ABA Model Code of Professional Conduct. Civ. L. R. 11-4(a)(1); *Paul E. Iacono Structural Eng'r, Inc. v. Humphrey*, 722 F.2d 435, 440 (9th Cir. 1983).

As the court held in *Cont'l Ins. Co. v. Superior Court*, 32 Cal. App. 4th 94, 120 (1995), "the [Professional Conduct] anticontact rule does not prohibit contact with a corporation's former employees at all." See *In re EXDS, Inc*., No. C05-0787 PVT, 2005 WL 2043020, at *3 (N.D. Cal. Aug. 24, 2005) ("prohibiting attorneys from contacting an opponent's former employees would unfairly hinder litigants from investigating and pursuing factual evidence relevant to their case" (citations omitted)); *Curry v. Contra Costa Cty.*, No. 12-CV-03940-WHO, 2014 WL 1724431, at *6 (N.D. Cal. Apr. 30, 2014) (same).

NS argues that GR's counsel cannot contact ***any*** current NetSuite employees – regardless of whether they are part of management and can "bind" the company, *contra*, Cal. R. Prof. Resp. 2-100(B); *Triple A Machine Shop, Inc. v. California*], 213 Cal.App.3d 131, 140 (1989) – and also cannot contact ***any of the key former employees*** who worked on the Grouse River project because, as NetSuite's counsel have now asserted [Exh. 1 (emphasis added)]:

Concerning former employees, NetSuite ***either does or is in the process of representing the following*** and you may not contact any of them – consider yourself on notice: Dinesh Chaurasia, Satish Iyer, Karen Messick, Cole Waldron, Paul Clark, David Mason-Jocksch

Hon. Laurel Beeler                                    2                              August 6, 2018

GR had previously notified NS that it wants to depose these people. It should be self-evident that none of them contacted NS to ask to be "represented," but were solicited to become "clients" solely to impede GR's access to them and the facts they know. See *United States ex rel. Harris v. Lockheed Martin Corp.*, No. 1:08-CV-3819-AT, 2013 WL 12328947, at \*5 n.7 (N.D. Ga. Feb. 5, 2013) (abuse "by systematically recruiting as clients all individuals" opposing party has noticed for depositions).

As the court held in *Banks v. Office of Senate Sergeant-at-Arms*, 222 F.R.D. 1, 6 (D.D.C. 2004) (citations omitted), "counsel for the defendant may not use their representation of the employee and their concomitant 'right' to withhold their consent as a means to prevent plaintiff's counsel from interviewing present or former employees of the defendant. Counsel for the defendant must permit those interviews whether or not they purport to represent the witnesses." See also *Performance Credit Corp. v. EMC Mortg. Corp.*, No. SACV07383DOCRNBX, 2009 WL 10675583 (C.D. Cal. June 1, 2009) ("The situation presented can best be characterized as one in which a subpoenaed third party/non-party percipient witness, under no obligation to participate in any discussions with counsel for defendants, either requests to do so or responds to a request that he do so. The content of these discussion are clearly relevant and are not protected by the privilege.").

NS's counsel's contacting the former employees listed above to "offer" to "represent" them is improper. See "Corporate employees and Rule 4.2: Who is covered under the blanket?"[1](violation of rules of professional conduct); Gillers, "Speak No Evil; Settlement Agreements Conditioned on Non–Cooperation are Illegal and Unethical," 31 Hofstra L.Rev. 1 at 3, 15 (2002)[2] ("agreements, when made for the purpose of denying others information that could support civil or criminal liability, obstruct justice under federal law" and "Model Rule 3.4(f), widely adopted, forbids a lawyer to 'request a person other than a client to refrain from voluntarily giving relevant information to another party'"); Messing and Weliky, "Contacting Employees of an Adverse Corporate Party: A Plaintiff's Attorney's View," 19 The Labor Lawyer 353, 369-70 (2004)[3] ("unethical"); see also *United States v. Occidental Chem. Corp.*, 606 F. Supp. 1470, 1478 (W.D.N.Y. 1985) ("enjoining Occidental from sending notices offering the legal services of [its counsel] Phillips/Wald").

NS contends that Labor Code § 2802 authorizes its conduct and that NS has a "duty" to represent the former employees. No case supports that notion and the statute says no such thing. *Carter v. Entercom Sacramento, LLC*, 219 Cal. App. 4th 337, 345, 161 Cal. Rptr. 3d 782, 787 (2013) ("The statute merely requires the employer to indemnify the employee for all that the employee necessarily expends in direct consequence of the discharge of the employee's duties").

The Court should therefore (a) confirm that GR and its counsel may communicate with any former employee and any non-managerial current employee, (b) direct NS's counsel to tell the former employees that they are free to talk with GR's counsel, and (c) require NS to disclose (i) how, when and in what manner it or its counsel contacted these former employees and (ii) all

---

[1] https://www.americanbar.org/publications/youraba/2014/june-2014/corporate-employees-and-rule-4-2--who-is-covered-under-the-blank.html

[2] https://scholarlycommons.law.hofstra.edu/cgi/viewcontent.cgi?referer=https://www.bing.com/&httpsredir=1&article=2195&context=hlr

[3] http://mrwemploymentlaw.com/wp-content/uploads/laborlawyer.pdf

Hon. Laurel Beeler                                3                                August 6, 2018

relevant communications to determine the extent to which NS has sought to impede GR's access to these witnesses.[4]

> NetSuite

**Former NS Employees Who Are Represented**:  GR's counsel's assertion that he may contact any former <u>represented</u> employee or any current NS employee without limitation is directly contradicted by California's State Bar Rules of Professional Conduct, rule 2-100[5] and California case law.  Rule 2-100, which GR's counsel altogether ignores, governs counsel's *ex parte* contacts with represented parties.[6]  Rule 2-100 (A) states, in relevant part,

> While representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer.

There a number of former NS employees who are potential witnesses.  NS does not dispute GR's right to contact an <u>unrepresented</u> former employee.[7]  However, GR's counsel insists he has the unfettered right to contact former NS employees <u>who are represented</u>, namely Karen Messick, Dinesh Chaurasia, and Paul Clark, and David Mason-Jocksch, who intends to retain counsel.[8]  GR's counsel knows they are represented in this matter -- and thus Rule 2-100(A) prohibits him from contacting them for any reason.  GR is unable to cite any statute or case law overruling this rule and none exist.  Thus, NS requests the Court prohibit GR's counsel from communicating directly or indirectly with any former NS employee who he knows is represented by counsel.

Having no authority supporting the proposition that he can contact represented former employees, GR's counsel turns to a factually devoid argument that NS's representation is nefariously designed to impede access to certain witnesses.  This is preposterous.  The case GR's counsel relies on, *United States ex rel. Harris v. Lockheed Martin Corp.*, *supra*, No. 1:08-CV-3819-AT, 2013 WL 12328947, states as the general rule, "Certainly, it is not facially improper to

---

[4] NS's counsel "represent" these ex-employees at their peril. See *LeClair v. Napoli Grp., LLC,* No. 2:10-CV-28, 2011 WL 2517228, at *3 (D. Vt. June 23, 2011) ("if it is discovered that one of the former employees now represented by Defense Counsel possesses information adverse to Defendants' interests, the firm may be required to withdraw from this case altogether, leaving the Defendants, as well as the current and former employees, with the task of securing new representation").

[5] All further references are to the California's State Bar Rules of Professional Conduct unless otherwise noted.

[6] "Rule 2-100 is intended to control communications between a [CA State Bar] member and persons the member knows to be represented by counsel unless a statutory scheme or case law will override the rule." Notes, Rule 2-100.

[7] GR's citation to *Cont'l Ins. Co. v. Superior Court*, *supra*, 32 Cal. App. 4th 94, *In re EXDS, Inc*., *supra*, No. C05-0787 PVT, 2005 WL 2043020, and *Curry v. Contra Costa Cty. supra*, No. 12-CV-03940-WHO, 2014 WL 1724431 are unhelpful to the dispute at issue because all involved ***unrepresented*** former employees.

[8] Ms. Messick has signed a retainer agreement.  NS has agreed to offer representation to  Messrs. Chaurasia and Clark in this matter and they are expected to sign retainer agreements within days.  Mr. Mason-Jocksch, who frequently works out of the country, has indicated a desire to be represented by Defendant's counsel.  .  Counsel for Ms. Messick  has accepted service of a deposition and document subpoena for Ms. Messick.

Hon. Laurel Beeler                          4                        August 6, 2018

simultaneously represent a party in a case and also represent a non-adversarial, fact witness in
that case." *Id.* at *8. The former employees NS represents are just that – non-adversarial, fact
witnesses. *Harris* went on to find that, much like the case at bar, there was no evidence the
witnesses' interests were compromised by dual representation, the clients' decision was
involuntary, or that they would have agreed to have been informally interviewed ex parte
anyway. *Ibid.* As *In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust
Litigation* (9th Cir.1981) 658 F.2d 1355, 1361 pointed out, "[T]he pre-deposition insulation is an
inconvenience, admittedly, and a frustration [for opposing counsel]. But mere inconvenience
and frustration do not warrant interference with the right to counsel." In sum, NS's
representation of former employees under the circumstances of this case is proper.

        GR's suggestion that there must be malicious intent behind NS contacting certain former
employees to offer representation is pure conjecture and wrong. If counsel wishes to spend his
deposition time exploring whether these witnesses voluntarily accepted representation of whether
they would have agreed to speak to him informally ex parte, he can. It is common practice to
offer former employees representation. This is even more true in California where Labor Code
section 2802 requires an employer to indemnify employees for litigation costs arising out of the
discharge of their duties, which means if a former employee retained counsel, NS would have to
pay for it in any event. GR has no evidence and will find none that will suggest NS did anything
improper in offering to assist certain former employees with this litigation.

        GR's reliance on *Banks v. Office of Senate Sergeant-at-Arms*, *supra*, 222 F.R.D. 1 and
*Performance Credit Corp. v. EMC Mortg. Corp.*, *supra*, No. SACV07383DOCRNBX, 2009 WL
10675583 are equally unavailing. *Banks* involved a criminal proceeding and an entirely different
standard than that set forth in Rule 2-100. *Id.* at *5-6. Moreover, *Banks* is recognized as an
outlier case. See *Loftin v. Bande* (D.D.C. 2009 258 F.D.R. 31, 33-34 ("[A] long line of cases in
the D.C. Circuit . . . demonstrate that *Banks* does not accurately convey the Circuit's approach to
attorney communications.") The quote GR relies on in *Performance Credit Corp* does not exist
and regardless, that case is inapplicable because it involved a dispute over a common interest
agreement with a witness who was neither an employee or former employee.[9] GR's citations fail
to support it unsubstantiated allegations that NS's representation of former employees is
improper.

        GR's reliance on various secondary sources does nothing to bolster its argument that NS
cannot offer representation to former employees. First, "Speak No Evil; Settlement Agreements
Conditioned on Non–Cooperation are Illegal and Unethical", *supra*, obviously has no application
here since there is no settlement agreement. Second, the Messing and Weliky article cited by GR
above does not analyze Rule 2-100, and in any event, does not state contacting former employees
to offer presentation is improper. However, the article does highlight that courts have held "that
ex parte interviews of all former employees . . . are per se violations of [ABA Model] Rule 4.2."
*Id.* at. 365. In sum, these sources deflate rather than support GR's argument.

---

[9] GR's citation to *United States v. Occidental Chem. Corp.*, supra, 606 F. Supp. 1470, where the company
sent written notices to all former employees, is factually distinguishable from the case at bar and in any
event, the Court, looking at New York law, found it entirely appropriate to offer aid to former employees.
*Id.* at 1477.

Hon. Laurel Beeler                              5                              August 6, 2018

**Current NS Employees:**  GR's assertion that it has an unlimited right to contact current NS employees who are not an "officer, director, or managing agent" of the Company ignores an entire subsection of Rule 2-100 -- which probits contact with those whose acts or omissions may bind or be imputed to defendant.  At present, none of the relevant current employee witnesses have separate counsel.  Rule 2-100(B) controls this scenario by providing that an opposing lawyer cannot contact a "party", which includes a corporate "officer, director, or managing member" **or** (2) "an employee of a corporation . . . *if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.*" (emphasis added.)[10]  *See Snider v. Superior Court*, 113 Cal.App.4th 1187, 1202-03 (2003).

The witnesses at issue here fall under prong (2).  The application of Rule 2-100 to corporate employees is determined by the facts on a case-by-case basis.  *Triple A Machine Shop, Inc. v. California*, *supra*, 213 Cal.App.3d 144.  Because GR's counsel refuses to disclose which current employees he intends to contact, NS must assume he intends to discuss those persons' acts or omissions concerning the GR project which unquestionably "may" bind or be imputed to or "may" constitute an admission.   Therefore, Rule 2-100(B) prohibits GR's counsel from contacting current NS employees without any limitation.  NS requests the Court enjoin GR's counsel from contacting any current NS employee unless and until he provides the names of those he intends to contact to permit a case-by-case determination of whether the alleged acts or omissions of those persons may bind, be imputed to, or constitute an admission on behalf of NS.

3.  <u>Final Proposed Compromise</u>

<u>Grouse River</u>:  This is a binary dispute.

<u>NetSuite</u>:  GR can agree not to contact represented former employees.  Also, GR can agree to provide the names of current employees he desire to contact to permit NS the opportunity to determine whether the acts or omissions of those persons may bind, be imputed to, or constitute an admission on behalf of NS.

Sincerely,

/s/ Loren Kieve           /s/ Scott D. Gattey
Loren Kieve               Scott D. Gattey

---

[10] Rule 2-100 provides, in relevant part: "(A) While representing a client, a member [of the State Bar] shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer. [¶] (B) For purposes of this rule, a 'party' includes: [¶] (1) An officer, director, or managing agent of a corporation or association, and a partner or managing agent of a partnership; or [¶] (2) An association member or an employee of an association, corporation, or partnership, if the subject of the communication is any act or omission of such person in connection with the matter which may be binding upon or imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization. ..."

Exhibit 1

| | |
|---|---|
| **From:** | Loren Kieve |
| **To:** | "Paul Byrne" |
| **Cc:** | "Scott Gattey" |
| **Subject:** | RE: Grouse River |
| **Date:** | Monday, July 09, 2018 4:18:00 PM |

This is a charade.  You state (emphasis added):

Concerning former employees, NetSuite **either does or is in the process of representing the following** and you may not contact any of them – consider yourself on notice:

Dinesh Chaurasia

Satish Iyer

Karen Messick

Cole Waldron

Paul Clark

David Mason-Jocksch

It is clear from your statement that you do **NOT** actually represent some of these persons.  And the phrase "or is in the process of representing" one or more of them is itself troubling.

Each of these former employees were directly involved in the Grouse River matter. If you or NetSuite contacted any of these former employees to "offer" to "represent" them to prevent me from contacting and interviewing them, that appears to be problematic at best.  See Corporate employees and Rule 4.2: Who is covered under the blanket?",
https://www.americanbar.org/publications/youraba/2014/june-2014/corporate-employees-and-rule-4-2--who-is-covered-under-the-blank.html

Please advise me immediately of (a) when and how you and/or NetSuite contacted each one of these persons and (b) what you and/or NetSuite proposed to them by way of the representation, its subject-matter, for what purpose, and the terms of the representation.

Loren Kieve

Kieve | Law Offices

2655 Steiner Street

San Francisco, California  94115-1141

Tel:    415.364.0060

Cell:   415.425.2655

www.kievelaw.com

This message may contain confidential information protected by a legal privilege.  If you are not the intended recipient, please delete it and notify us by phone or e-mail that you have done so.

 Please consider the environment before printing this e-mail.

**From:** Paul Byrne <pbyrne@cornerlaw.com>
**Sent:** Monday, July 09, 2018 1:34 PM
**To:** Loren Kieve <lk@kievelaw.com>
**Cc:** 'Scott Gattey' <scott@gatteylaw.com>
**Subject:** RE: Grouse River

Loren,

You may not contact any current company employee concerning any matter related to this case. Your use of the *Curry* case is of little use for multiple reasons. First, it is unpublished. Second, as you state, it cites to *Triple A*, which specifically states that an employee cannot be contacted if the communication involves "the employee's act or failure to act in connection with the matter which may bind the corporation, be imputed to it, or constitute an admission of the corporation for purposes of establishing liability." This is the exact type of communication you intend. If your view of who you can contact was applicable, it would blow up Rule 2-100 and render its ethical restrictions meaningless.

Concerning former employees, NetSuite either does or is in the process of representing the following and you may not contact any of them – consider yourself on notice:

Dinesh Chaurasia
Satish Iyer
Karen Messick
Cole Waldron
Paul Clark
David Mason-Jocksch

With respect to the current employees, if you intend to advance your position before the Court (however untenable it is), please prepare your portion of the Joint Discovery Letter and forward it to me to add in our portion.

Regards,

Paul J. Byrne | Cornerstone Law Group
351 California Street, Ste 600, San Francisco, CA 94104
(t) 415.357.2094 | (direct fax) 415.655.8238

**From:** Loren Kieve <lk@kievelaw.com>
**Sent:** Friday, July 6, 2018 4:52 PM
**To:** Paul Byrne <pbyrne@cornerlaw.com>
**Cc:** 'Scott Gattey' <scott@gatteylaw.com>
**Subject:** RE: Grouse River

I do not find the case you cite in any way applicable or apposite.

I call your attention to the cases cited in my letter to you, as well as this one:

> Because the County has not established that any of the employees plaintiff or her counsel contacted during their investigation of Curry's case had information that could meet the narrow standard of binding the County or constitute an admission by the County "for purposes of establishing liability," the contacts were not prohibited by Rule 2–100. See Triple A Machine Shop, Inc., 213 Cal.App.3d at 140.

Curry v. Contra Costa Cty., No. 12-CV-03940-WHO, 2014 WL 1724431, at *6 (N.D. Cal. Apr. 30, 2014).

I again ask you to agree that I may contact current and former NetSuite/Oracle employees who are not managing agents, etc., whose statements may bind NetSuite/Oracle and obtain information relating to this case.

As I also mentioned in our call, if you represent any current or former NetSuite/Oracle employees, please advise me of their names and the subject of your representation.  If you do not do so, I am entitled to assume that any persons I contact are not represented by counsel:

> Rule 2–100 "consistently applies the proscription against ex parte contact only where counsel 'knows' the other person is represented by counsel. (See Triple A, supra, 213 Cal.App.3d at p. 140, 261 Cal.Rptr. 493; Continental, supra, 32 Cal.App.4th at pp. 119–121, 37 Cal.Rptr.2d 843.)

Jorgensen v. Taco Bell Corp., 50 Cal. App. 4th 1398, 1401, 58 Cal. Rptr. 2d 178, 180 (1996)


Regards,

Loren Kieve
Kieve | Law Offices
2655 Steiner Street
San Francisco, California  94115-1141

Tel:    415.364.0060
Cell:   415.425.2655


www.kievelaw.com

This message may contain confidential information protected by a legal privilege.  If you are not the intended recipient, please delete it and notify us by phone or e-mail that you have done so.

 Please consider the environment before printing this e-mail.

**From:** Paul Byrne <pbyrne@cornerlaw.com>
**Sent:** Tuesday, July 03, 2018 11:43 AM
**To:** lk@kievelaw.com
**Cc:** Scott Gattey <scott@gatteylaw.com>
**Subject:** RE: Grouse River

Dear Loren,

Per our meet and confer telephone call today on the issue of whether you can have unfettered contact with current NetSuite/Oracle employees, attached please find the case relied on by *Snider* that requires a more in depth analysis of whether current employees may be contacted than what you suggest.  Once you've reviewed, let us know to see if we can craft a way forward.

Also, we appreciate you representing that you have not contacted any current NetSuite or Oracle employees and we assume you will (and request you) refrain from doing so until we have resolved this issue either through compromise or via the Court.

On the issue of you contacting former employees, we will get back to you.

Regards,

Paul J. Byrne | Cornerstone Law Group
351 California Street, Ste 600, San Francisco, CA 94104
(t) 415.357.2094 | (direct fax) 415.655.8238

**From:** lk@kievelaw.com <lk@kievelaw.com>
**Sent:** Thursday, June 28, 2018 11:30 PM
**To:** Scott Gattey <scott@gatteylaw.com>
**Cc:** Paul Byrne <pbyrne@cornerlaw.com>
**Subject:** Re: Grouse River

Read the cases I sent you. You are not "entitled" to "direct" me to or "demand" that I do anything. As I have repeatedly asked, when would you like to have a very  short telephone call to tee this up for the court's consideration in a joint dispute letter?  Call my cell phone at any time.

Regards,

Loren Kieve
O: 415.364.0060
C: 415.425.2655
lk@kievelaw.com

On Jun 28, 2018, at 6:10 PM, Scott Gattey <scott@gatteylaw.com> wrote:

    Loren:

We are extremely concerned by your refusal to advise as to whether you have already made contact with any NetSuite/Oracle employees or former employees.  **We ask you yet again - have you spoken to any such individuals?**

You clearly are aware that your conduct could give rise to ethical violations - this as evidenced by your writing a letter that addresses the issue.  You simply cannot claim ignorance.  And we have told you - in no uncertain terms - that we believe that you are not entitled to contact such employees unless and until you speak with us.

I call your attention to the opinion in *Snider v. Superior Court (Quantum)* - a case you yourself cited:

> [W]here an attorney has reason to believe that an employee of a represented organization might be covered by rule 2-100, that attorney would be well advised to either conduct discovery or communicate with opposing counsel concerning the employee's status before contacting the employee. A failure to do so may, along with other facts, constitute circumstantial evidence that an attorney had actual knowledge that an employee fell within the scope of rule 2-100. It might further provide support for a more drastic sanction if a violation of rule 2-100 is found.

We are happy to discuss this matter next week, but until then not only are you directed not to contact any former NetSuite/Oracle employee or former employee, but we demand you let us know if you have already done so.

Regards,

Scott D. Gattey



1001 Laurel Street, Suite C
San Carlos, CA 94070
650.596.7123 (direct)
www.gatteylaw.com

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information.  If you are not the intended recipient, be advised that you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited.  Please notify this office immediately if you have received this in error and destroy all copies of this message and any attachments.

