August 13, 2018

Hon. Laurel Beeler
United States District Court

### *Grouse River v. NetSuite, No. 16-cv-2954 LB – Emergency Discovery Dispute Regarding the Taking of the Deposition of Karen Messick*

Dear Judge Beeler:

Your Honor's Standing Order contemplates communications in emergencies involving discovery through the Court's courtroom deputy.

Given NetSuite's conduct that has precipitated this emergency, there is not enough time to present a joint e-mail and I am respectfully requesting that the Court entertain this request. Any relief the Court grants can only be meaningful if it acts within the next 24 hours to allow us to take a deposition in Boston on Wednesday, August 13.

As the Court is aware, the parties have planned on taking depositions starting later this month to be in a position to have a meaningful settlement conference before Judge Laporte on September 24.

As the Court is also well aware, NetSuite's counsel have taken the position that they also "represent" a number or former NetSuite employees, including Karen Messick.

Ms. Messick has been on Grouse River's deposition list since day 1. She was one of the major project managers on the project at key times and has knowledge of unique events.

On August 6 – barely a week ago – NetSuite produced for the first time over 4,500 internal e-mails. We obviously have not had enough time to review them carefully. Grouse River has designated them (we believe improperly) as confidential, so we can't provide detail at this point.

We can tell the Court that the e-mails we have reviewed confirm in no uncertain terms that (a) Ms. Messick was a key NetSuite manager overseeing the Grouse River project, (b) she identified and was privy to numerous facts demonstrating that NetSuite defrauded Grouse River at virtually every turn and (c) she was very concerned about these facts.

At the end of the day on Friday, August 10, NetSuite's counsel e-mailed me a letter. At the time, I was on a plane to New Mexico to attend board meetings of the Institute of American Indian Arts, a congressionally-chartered college whose board I chair. When I read the letter on Saturday, I found, among other things, the following statement:

> Yesterday we learned that Karen Messick is only available to be deposed on or before August 16 in Boston. She begins treatment for recently diagnosed breast cancer thereafter and will not be available at all for the remainder of August or September. If you are free to take her deposition next week, we will do our best to make it happen. Please advise.

Hon. Laurel Beeler                                    2                                    August 13, 2018


NetSuite's counsel made no mention of this in our recent case management conference. It is surprising that, having purported to "represent" Ms. Messick since at least July 9, NetSuite's counsel only "learned" of her unavailability after August 15 four days ago.

When I read the letter, I promptly sent NetSuite's counsel an e-mail objecting to it, and stating that, because of my longstanding prior college board meeting commitment, it was impossible for me to travel to Boston this week.

Taking NetSuite's counsel's representation that they would "do their best" to have Ms. Messick's deposition taken this week before August 16 at face value, I nevertheless arranged this morning for a deposition – in Boston – for Wednesday, August 15, before a videographer and stenographic reporter with the nationwide reporting firm of TSG, which will also have a live internet-based feed so that all counsel may participate from their remote locations.

As the Court may be aware, TSG has developed a particular expertise in taking depositions remotely, and has assured me that Ms. Messick's deposition will go just as smoothly as if I were in the room.

As soon as TPG confirmed the location in Boston, this morning I promptly served a revised Rule 45 subpoena on NetSuite's counsel in their capacity as counsel for Ms. Messick.

I received an e-mail response stating:

> Just to confirm before I check Ms. Messick's availability for Wednesday morning, you are prepared to go to Boston on Wed of this week for her deposition? Correct?
>
> Please confirm and then I will check with her about whether Wed at 10am would work.

This communication was also surprising given that NetSuite's counsel had just this past Friday told me that Ms. Messick was available this week up until Thursday.

I again promptly responded by e-mail:

> I told you I am in New Mexico for board meetings for a college board I chair. I am going to take Ms. Messick's deposition by an internet video link. You can go to Boston to be there, or you can also be linked up.
>
> Your letter of August 10 stated: She is "available to be deposed on or before August 16 in Boston."
>
> I assume you had confirmed her availability before making that statement or you would not have made it.

Hon. Laurel Beeler                          3                          August 13, 2018

The e-mail response from NetSuite's counsel was as follows:

> I was prepared to get on a plane to attend this deposition - even on less than 48 hours notice. It appears you are not inclined to take this case that seriously.
>
> Defendant (and Ms. Messick) are not comfortable stipulating to a videotape deposition for a number of reasons, and thus your deposition notice is ineffective. See FRCP 30(b)(4).

Contrary to this assertion, and as evidenced by the seriousness of the need to have Ms. Messick's deposition in hand before the September 24 settlement conference, Grouse River's effort to take that deposition is self-evidently serious.

There is no question but that (a) Ms. Messick's testimony as a key participant is significant, (b) she is in fact available for a deposition on Wednesday, August 15, and (c) NetSuite's counsel has represented they are available and are in fact available and, if they deems it appropriate, prepared to travel to Boston to be with her in person at the deposition.

There is also no question that, because of the lateness of NetSuite's having teed this issue up and important prior commitments, Grouse River's counsel simply cannot travel to Boston this week.

Under the circumstances, the lack of "comfort" on the part of NetSuite's counsel (and purportedly Ms. Messick) for having me take her deposition through a tried and tested live, on-line connection should not outweigh the need and importance of taking it now.

The alternative is to delay the scheduled settlement conference, as well as related other court events, until much later in the year when Ms. Messick will again be available for a deposition.

I would therefore respectfully request the Court's permission and an order directing NetSuite to make Ms. Messick available for her noticed and subpoenaed deposition in Boston starting at 10:00 a.m. on Wednesday, August 13.

I am available for a telephone conference call at the Court's early convenience to discuss this matter further. We can use my conference line:

       866.384.2318   Passcode: 415 364 0060

I would again like to thank the Court for its continuing courtesy

                                       Respectfully,

                                       Loren Kieve