KIEVE LAW OFFICES
  Loren Kieve (Bar No. 56280)
  2655 Steiner Street
San Francisco, California  94115-1141
Telephone:      (415) 364-0060
Facsimile:       (435) 304-0060
lk@kievelaw.com

Counsel for Plaintiff
Grouse River Outfitters, Ltd.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| GROUSE RIVER OUTFITTERS, LTD, | CASE NO.  16-CV-02954 LB |
|---|---|
| Plaintiff, | |
| vs. | **REPLY IN SUPPORT OF GROUSE RIVER'S MOTION TO COMPEL THE PRODUCTION OF INSTANT MESSAGING, INTERNAL PROJECT LOGS AND OTHER DOCUMENTS, AND FOR AN ADVERSE JURY INSTRUCTION** |
| NETSUITE, INC., | |
| Defendant. | **November 1, 2018**<br>**9:30 a.m.** |

Where to start?

First, NetSuite ignores the uncontradicted evidence that NetSuite has deliberately refused even to respond with a single written jot or tittle to Grouse River's repeated requests that NetSuite provide its internal instant messaging communications – until it filed its opposition to this motion.

Second, NetSuite has now, for the first time ever, asserted, by way of a declaration, that it (a) has an internal instant messaging system and (b) has set it up as follows:

> 3. The only messaging/chat solution the Company made available to employees during the 2012 to 2016 timeframe was Cisco Jabber. This solution was configured such that messages only displayed while an employee had the application open. This is, once the solution was closed the messages were not retained.

[Sidlo Decl. ¶ 3, ECF Doc. 140-2.]

This new claim (a) is contradicted by other undisputed evidence to the contrary, raising issues of lack of candor and veracity, and (b) presents perhaps an even more troubling issue of whether NetSuite has deliberately set up an internal communications network that, like the coded messages on Mission Impossible, were designed to self-destruct after reading to keep them hidden from scrutiny.

Third, it is undisputed that NetSuite does have internal project logs and has not produced a single one of them.

Fourth, NetSuite's opposition is essentially one of confusion and avoidance, seeking to somehow turn the issue of NetSuite's own significant discovery failings into one faulting Grouse River's discovery responses. Grouse River's production of documents and discovery responses are not in issue in this motion.

Fifth, the evidence is undisputed that it is NetSuite that refused to "meet and confer" on this issue, requiring Grouse River to bring it before the Court.

***Grouse River's Motion Complies with the Court's Order.***

The Court's August 27, 2018 minute order [ECF Doc. 118] provided that, "if [the meet and confer] process does not resolve the parties' disputes, then the plaintiff may file a motion to compel on the ordinary five-week schedule." Grouse River has done so, in full compliance with that direction, and NetSuite's argument to the contrary is meritless. See *Loop AI Labs Inc v. Gatti*, No. 15CV00798HSGDMR, 2016 WL 4474584, at *2 (N.D. Cal. Aug. 25, 2016) ("This objection is without merit, since Almawave's motion was filed in accordance with the court's instructions in the July 21, 2016 order.").

***The Bulk of NetSuite's Opposition Should Be Stricken as Not Germane.***

Grouse River objects to and moves to strike paragraphs 3, 4, 5, 6, 7 and 8 of the Gattey declaration. [ECF Doc. 140-1 at 2-4] and the exhibits (2 to 6) referenced there. They have nothing to do with the motion before the Court.

1  Grouse River objects to and moves to strike the following irrelevant text in NetSuite's
2  opposition [ECF Doc. 140]: 2:2-10; 2:14-22 (including note 1); 3:3-4:16 (including note 2); 4
3  note 4; 4 note 5 (which is utterly unsupported with any evidence); 5:21-6:4.

4  ### *NetSuite's Failed to Produce Damaging Documents Until Two-years into the Case.*

5  On July 17, 2018, Grouse River sent NetSuite a letter detailing a wholesale withholding of
6  relevant e-mail and instant messaging records. [Declaration of Loren Kieve ("Kieve Decl."), ECF
7  Doc. 125-1, ¶ 1, **Exh. 2.**]  Grouse River followed this up with a July 25 letter that NetSuite had
8  also not produced the notes NetSuite employees make and file of their conversations and meetings
9  with customers. [Kieve Decl. ¶ 1, **Exh. 3**.] Grouse River has repeatedly asked NetSuite to explain
10 these lacunae in writing. It has never responded or done so. [Kieve Decl. ¶ 1.]
11 On July 31, NetSuite's counsel sent an e-mail saying that he would provide a response "by
12 tomorrow." At a meeting at the courthouse on August 2, NetSuite counsel again promised a
13 response by Monday, August 6. [Kieve Decl. ¶ 2.] On August 9, NetSuite's counsel sent a terse e-
14 mail stating without further explanation:  "We have loaded certain additional documents to your
15 FTP site for your review."[ Kieve Decl. ¶ 3.]
16 NetSuite has continued to stonewall and not explain its failure to produce these documents.
17 [Kieve Decl. ¶ 4.]
18 What NetSuite may have done, on October 1, 2018, less than a month before the fact
19 discovery cut-date, with one category of documents [ECF Doc. 140-1 at 6] is irrelevant to the
20 issues at hand.

21  ### *NetSuite's Failed to Produce Relevant Instant Messages and Project Log Notes.*

22 In her August 15 deposition, former NetSuite project manager Karen Messick confirmed
23 that NetSuite uses and retains a system of instant messages of internal communications, as well as
24 a system of recorded notes NetSuite employees make and file of their conversations and meetings
25 with customers. [Kieve Decl. ¶ 5, **Exh. 1** at  23-24.]
26 On June 5, 2018, Tayo Daramola, a former NetSuite/Oracle employee, sent Grouse River's
27 counsel an e-mail stating (emphasis added):
28

Reply iso Motion to Compel IM and for adverse instruction         3         Case No. 16-CV-02954 LB

> Pre-Contract Representations – I obtained direct written communications evidence from the internal Sales process records confirming that the sales people involved in pre-contract representations were fully aware of important gaps between the software and the customer's needs. I suspect you could also obtain similar evidence confirming same in the case of Grouse River – you just need to know exactly where to look on the company's record keeping system. ***Generally, the Sales and Account Management people record date/time stamped notes following each encounter with the client – and I found the evidence confirming within these notes.***

[Kieve Decl. ¶¶ 6, 7, 8.]  Contrary to NetSuite's assertion [at 5:1-10], this is clearly relevant and admissible evidence. See Fed. R. Evid. 602.

These have been called for from day one in Grouse River's document and ESI requests. None of them has been produced. [Kieve Decl. ¶ 5.] NetSuite has also continued to stonewall and not explain why it has still failed to produce complete categories of relevant Internal Messages and project log notes for the Grouse River project. [Kieve Decl. ¶¶ 4, 5.]

*NetSuite's Failure to Produce Internal Communications of its CEO, Zach Nelson.*

Despite producing over 4,000 new e-mails on August 9, 2018, NetSuite also still has not produced highly relevant internal e-mails and communications to or from its CEO, Zach Nelson, or explained why it has not done so.  Grouse River can find only a few internal Nelson e-mails. Given the numerous complaints Grouse River sent directly to Nelson, it is impossible to believe that he was involved in only a few internal e-mails over the devastating life, or rather death, of the Grouse River "nightmare." [Kieve Decl. ¶ 9.] NetSuite offers not a shred of evidence to the contrary.

This, too, is a ground for an adverse inference instruction.  See *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 983 (N.D. Cal. 2012) ("some of the mySingle custodians whose production of email was remarkably low were 'senior Samsung employees whose internal communications would have been especially probative to the claims at issue in this litigation'").

*NetSuite's Sidlo Declaration Raises Even More Problematic Issues.*

What does this mean:

> 3. This [Cisco Jabber] solution was configured such that messages only displayed while an employee had the application open. That is, once the solution was closed the messages were not retained."

[Sidlo Decl. ¶ 3, ECF Doc. 140-2.]

1  First, it makes no sense. The entire purpose of an instant messaging system is to "retain" a conversational thread of communications. How can a NetSuite employee respond to a message that suddenly is not "retained"?

Second, it is flatly contrary to Karen Messick's sworn testimony.

Third, there is concrete evidence to the contrary. See Reply Declaration of Loren Kieve, **Exhibits 4** and **5**, which are internal NetSuite e-mails that contain text from internal NetSuite employee messages that were, and are, self-evidently "retained." See also Kieve Reply Decl. **Exhibit 6** (referring to an "Im" conversation).

Mr. Sidlo appears to be prevaricating with his cribbed and opaque description that NetSuite's messages "were not retained."

It also raises the question whether NetSuite has deliberately set up, or tried unsuccessfully to set up, a back-channel internal communication structure to hide its most damaging information from disclosure in litigation and other contexts.

NetSuite should therefore be required to explain this patent discrepancy and obfuscation, and to produce all its internal messages related to the Grouse River contract.

### *An Adverse Inference Instruction Is Appropriate.*

Under these circumstances, it is clear that an adverse inference instruction is more than warranted. See *Parrick v. FedEx Ground Package Sys., Inc.,* No. CV 09-95-MDWMJCL, 2010 WL 3724825, at *5 (D. Mont. Sept. 17, 2010), and *Keithley v. Home Store.com, Inc.,* No. C-03-04447 SI (EDL), 2008 WL 3833384, at *1 (N.D. Cal. Aug. 12, 2008), both discussed in Grouse River's opening brief; see also *Apple Inc. v. Samsung Elecs. Co.*, cited above.

The Court should therefore frame a carefully-tailored adverse inference instruction that the jury may consider the failure of NetSuite to produce damaging, incriminatory evidence until two years after the case was filed, as well as its failure to produce any internal messages or project notes until ordered by the Court to do so, in considering NetSuite's culpability and liability to Grouse River.

October 11, 2018                                         /s/ Loren Kieve

                                                          Loren Kieve

1                  Counsel for Grouse River Outfitters, Ltd.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Reply iso Motion to Compel IM and for adverse instruction      6      Case No. 16-CV-02954 LB