KIEVE LAW OFFICES
  Loren Kieve (Bar No. 56280)
  2655 Steiner Street
San Francisco, California  94115-1141
Telephone: (415) 364-0060
Facsimile:  (435) 304-0060
lk@kievelaw.com

Counsel for Plaintiff
Grouse River Outfitters, Ltd.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

GROUSE RIVER OUTFITTERS, LTD.,

        Plaintiff,

    vs.

NETSUITE, INC.,

        Defendant.

**CASE NO.  16-CV-02954 LB**

**REPLY DECLARATION IN SUPPORT OF GROUSE RIVER'S MOTION TO COMPEL DEPOSITIONS AND RESUMED DEPOSITIONS BECAUSE OF DEPOSITION ABUSE**

**November 1, 2018**
**9:30 a.m.**

Loren Kieve states:

1.   Mr. Bryne's declaration provides an incomplete description of the parties' in-person "meet and confer" session at his offices on September 18, 2018.

2.   As the Court is aware, Grouse River had previously filed an Administrative Motion [ECF Doc. 116] asking for a case management conference to set the stage for resolving issues that it believed did not fall within the Court's discovery "meet and confer" procedures.

3.   That motion set forth specific issues, with specific supporting authority and caselaw for each issue.

4.   Mr. Byrne is correct that I forgetfully left my file materials for the meeting in the taxi that took me there and that he provided me with a copy of Grouse River's Administrative Motion. Having written that motion, I was (and am) thoroughly conversant with the issues, facts, and supporting legal authority in it.

1

5.   Mr. .Byrne's truncated e-mail reflecting the meeting is not accurate. What is accurate are my detailed **bold-font** responses to each of his points that are set forth at the bottom of Exhibit 2 to the Byrne declaration.

6.   I therefore believe that it is counsel for NetSuite (who also represent the former NetSuite employees who are the subject of the pending motion) that have not fulfilled their "meet and confer" responsibilities.

7.   I also respectfully submit that, in the main, the issues presented in Grouse River's motion to compel depositions and resumed depositions are not ones that are amenable to a "meet and confer" compromise. They are stark black and white ones – including demonstrable perjury and wholesale, improper deposition obstruction – that, as I told Mr. Byrne, are properly addressed by "the courts," namely, this one.

8.   I was therefore surprised that NetSuite was not prepared on September 18 to address the issues that had been fully factually documented and legally briefed in Grouse River's Administrative Motion.

9.   As the Court is aware, NetSuite's current counsel purport to represent Karen Messick, David Mason-Jocksch and Paul Clark. See joint dispute letter, ECF Doc. 112 (Aug. 6, 2018); see also NetSuite's current opposition [ECF Doc. 139 at 7:18 ("counsel represents Messick, Clark and Mason-Jocksch")].

10.  NetSuite's counsel, in their capacity as respective counsel for these three former NetSuite employees, accepted subpoenas on their behalves in San Francisco to testify and to produce documents called to be produced in San Francisco.

11.  On July 17, 2018, I served subpoenas in San Francisco for testimony and documents on Ms. Messick's authorized counsel for testimony and the production of documents in San Francisco. See **Exhibits 5, 6.**

12.  At no time has Ms. Messick or her/NetSuite counsel objected to those subpoenas.

13.  In fact, she has already cashed the two checks that accompanied them. See **Exhibits 7, 8.**

14.  On July 17, 2018, I also served subpoenas in San Francisco for testimony and documents on Mr. Mason-Jocksch's authorized counsel for testimony and the production of documents in San

Francisco. See **Exhibits 9, 10.** The unsupported statement in NetSuite's opposition [ECF Doc. 139 at 6:28] that "he has not been served with the subpoena yet" is therefore not correct.

15.   At no time has Mr. Mason-Jocksch or his/NetSuite counsel objected to those subpoenas.

16.   On July 17, 2018, I also served subpoenas in San Francisco for testimony and documents on Mr. Clark's authorized counsel for testimony and the production of documents in San Francisco. See **Exhibits 11, 12.**

17.   At no time has Mr. Clark or his/NetSuite counsel objected to the subpoena for testimony.

18.   He/NetSuite counsel did serve a purported "objection" to the document subpoena, but not until August 31, 2018, long after the July 31, 2018 return date and the 14-day period in which he/counsel had to serve timely objections.

19.   Mr. Bryne avers in paragraph 10 that "Grouse River did not seek and NetSuite did not provide Grouse River with written permission under the Protective Order to file Protected Material in Court."

20.   Grouse River did not need "permission," written or otherwise, to "file Protected Material in Court." Each of the exhibits submitted to the Court was used as a deposition exhibit, as the supporting declarations' descriptions themselves demonstrate.

21.   Paragraph 5.2(b) of the Court's Protective Order, ECF Doc. 72, provides that, in order for a deposition transcript, which necessarily includes exhibits, to be designated as confidential, the Designating Party – here, NetSuite – must designate it as protected "on the record, before the close of the deposition":

> Designation in conformity with this Order requires: . . . (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

22.   As reflected in **Exhibits 1, 3, 4** (submitted in the moving papers), the deposition transcripts from which these exhibits are taken, NetSuite has not designated any portion of any deposition, or any exhibit to a deposition, as protected. All the deposition exhibits Grouse River has submitted to the Court are therefore not covered by the Court's protective order.

1    23.  In addition, as set out in Grouse River's Administrative Motion to Undesignate

2   Documents Improperly Designated as "Confidential" by NetSuite, ECF Doc. 133, NetSuite has

3   already "automatically waived" any claim of confidentiality for all the documents it has produced

4   in this case.

5        I declare under penalty of perjury that the foregoing is true and correct.

6   Executed on October 11, 2018

7                                                  Loren Kieve

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 5

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| Grouse River Outfitters Ltd. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 16-cv-2954 LB |
| NetSuite, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Karen Messick, c/o Paul J. Byrne

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Aptus Court Reporting, 1 Embarcadero Center # 1060, San Francisco, CA 994111 | Date and Time: 08/07/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: Video and stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/17/2018

*CLERK OF COURT*

OR _____

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Grouse River Outfitters Ltd. , who issues or requests this subpoena, are:

Loren Kieve, Kieve Law Offfices, 2655 Steiner Street, San Francisco, CA 94115, lk@kievelaw.com, 415 364 0060

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  16-cv-2954 LB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Karen Messick, c/o Paul J. Byrne

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: _____

Paul J. Byrne, Cornerstone Law Group, 351 California Street, Suite 600, San Francisco, California 94104

_____ on *(date)* ___07/17/2018__ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$  50.00 _____ .

My fees are $ _____   for travel and $ _____   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  ____07/17/2018____                    _____

*Server's signature*

Loren Kieve

_____
*Printed name and title*
Kieve Law Offices, 2655 Steiner Street, San Francisco, CA 94115

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| Grouse River Outfitters Ltd. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.   16-cv-2954 LB |
| NetSuite, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                           Karen Messick, c/o Paul J. Byrne

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Described in the attached "Attachment A."

| Place: Kieve Law Offices, 2655 Steiner Street, San Francisco, CA 94115 | Date and Time: <br><br> 07/31/2018 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     07/17/2018

*CLERK OF COURT*

                                  OR

| _____ | _____ |
|---|---|
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Grouse River Outfitters Ltd. _____ , who issues or requests this subpoena, are:

Loren Kieve, Kieve Law Offfices, 2655 Steiner Street, San Francisco, CA 94115, lk@kievelaw.com, 415 364 0060

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  16-cv-2954 LB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Karen Messick, c/o Paul J. Byrne

on *(date)*      07/17/2018      .

☑ I served the subpoena by delivering a copy to the named person as follows:

Paul J. Byrne, Cornerstone Law Group, 351 California Street, Suite 600, San Francisco, California 94104

on *(date)*      07/17/2018      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$      50.00      .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date:      07/17/2018

*Server's signature*

Loren Kieve

*Printed name and title*
Kieve Law Offices, 2655 Steiner Street, San Francisco, CA 94115

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  (1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

  (2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  (1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  (2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  (3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

**INSTRUCTIONS:**

The following instructions apply to this subpoena for documents:

1. ORIGINAL DOCUMENTS

In producing these documents, you are requested to produce originals, not copies, of the documents requested. You are also requested to furnish all documents known or available to you, regardless of whether these documents are held or produced directly by you or your agent, employees, representatives, investigators, partners, or by your attorneys or their agents, employees, representatives or investigators. The documents sought by this request for production shall include not only those documents in the dominion or control of yourself, or your representatives or agents, but also those that are held by anyone on your behalf, and not merely documents as are known to you of your own personal knowledge.

2. COPIES

If a document was prepared in several copies, or if additional copies were made, and if the copies are not identical or are no longer identical because of subsequent notations or modifications, including notations on the front and the back of the pages, then each non- identical copy is a separate document and should be produced.

3. USUAL COURSE OF BUSINESS

Please produce the requested documents, including electronically stored information (ESI), as kept in the usual course of business, or organized and labeled to correspond to the categories in the request.

4. PRIVILEGES

If you withhold any document based on a claim that it is properly entitled to limitation of discovery, please identify each such document withheld by providing the following information:

A. The date of the document;

B. The subject to which the document relates;

C. The author of the document, and the author's address;

D. The name of the recipient, addressee, or party for whom such document was intended, and the name of all other persons to whom the document or copies thereof were furnished, as well as those to whom it, or copies thereof, became available at any time, together with the job title and address of each person so identified; and,

E. The basis for the privilege. If you assert a privilege as to any portion of any category of materials requested herein, please produce the remainder of that category as to which you do not assert a privilege.

5. LOST DOCUMENTS

If any document to be produced was, but is no longer in your possession and control, or is no longer in existence, state whether it is:

(1) Missing or lost, destroyed or transferred voluntarily or involuntarily to others, and if so, to whom; or how otherwise disposed of; and,

(2) For each such instance, explain the circumstances surrounding the authorization for such disposition; the person authorizing such disposition; and the date of such disposition.

6. FORMAT OF PRODUCTION

Electronic Documents and Communications should be produced in native format if they are in any of the following formats:. pst, .pdf, .doc., .docx, .xls, .ppt or .pdf. For all other electronic documents in other formats, please contact counsel for the issuing party to confer on the appropriate form for production. No metadata should be modified or deleted in your production of documents.

**DEFINITIONS:**

1.      "Grouse River" means Grouse River Outfitters, Ltd and, where appropriate in the context, any of its past or present officers, directors, shareholders, parents, subsidiaries, agents, representatives, employees, attorneys, accountants and/or investigators.

2.      "NetSuite" means NetSuite Inc., and, where appropriate in the context, any of its past or present officers, directors, shareholders, parent (including Oracle, Inc.) subsidiaries, agents, representatives, employees, attorneys, accountants and/or investigators.

3.      "Person" means any individual and entity, including, without limitation, sole proprietorship, associations company, partnership, joint venture, corporation, trust or estate, firm, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

4.      "Communication" means any meeting, conversation, letter, e-mail, memorandum, or other exchange of information transmitted in whatever form from one or more persons to one or more other persons, including, without limitation, drafts, facsimiles, and copies, as well as originals.

5.      "Document" refers to and means any writing and recording, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but without limitation to e-mail and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, receipts, returns, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations working papers, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments, graphics, photographs, charts, videotape, recordings, plans, drawings, surveys, electronic, mechanical, magnetic, optical or electrical records of any kind, computer files and programs, including metadata.

**DOCUMENTS TO BE PRODUCED:**

1. Each document related to any work you did while employed by NetSuite that involved Grouse River.

2. Each communication related to the work done by any NetSuite employee that involved Grouse River.

3. Each contract or agreement you entered into with NetSuite.

4. Each communication between you and NetSuite related to Grouse River.

5. Each communication between you and any person purporting to represent NetSuite, including any attorney, purporting to represent NetSuite, related to Grouse River.

6. Each Instant Messaging or "IM" communication related to Grouse River.

7.  Each e-mail related to Grouse River.

8.  Each document related to any contract or agreement between NetSuite and
    Grouse River.

9.  Each document reflecting any payment or anticipated payment to you from
    NetSuite in connection with the lawsuit Grouse River has filed against NetSuite.

10. Each document reflecting any communication from NetSuite or its counsel to
    you regarding the terms on which NetSuite's counsel would also purport to
    represent you.

Exhibit 7

Check Image - Citibank



**Print a Copy**

ATM/Debit Card: XXXX-XXXX-XXXX-0562

As of 10-08-2018 14:34 EDT

# Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| Business Checking: 0271 | 791 | 09/04/2018 | $ 50.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more

Exhibit 8



**Print a Copy**

ATM/Debit Card: XXXX-XXXX-XXXX-0562

As of 10-08-2018 14:35 EDT

# Check Details

| Account | Check # | Post Date | Amount |
|---|---|---|---|
| Business Checking: 0271 | 792 | 09/04/2018 | $ 50.00 |



**Security Tip:** Check Image files may be automatically saved on the hard drive of this computer. If other people use this computer you should delete these files so that no one will have access to your check images and account information. Learn more