United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GROUSE RIVER OUTFITTERS LTD, <br> Plaintiff, <br> v. <br> ORACLE CORPORATION, <br> Defendant. | Case No. 16-cv-02954-LB <br><br> **ORDER GRANTING IN PART AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Re: ECF No. 119 |

For the reasons stated on the record on November 1, 2018 and below, the court grants in part and denies in part the defendant's motion for summary judgment.

First, on the fraud claims, the disputes of fact (including justifiable reliance) preclude the court's summary judgment as a matter of law.

Second, the court grants the defendant's motion for partial summary judgment on the non-fraud claims based on the limitation of liability in the parties' contract, the Subscription Service Agreement ("SSA"). The following provisions exclude punitive damages and cap damages at the price of one year of subscription fees:

> **10. Limitations of Liability.**
>
> **10.1. Exclusion of Consequential Damages.** In no event shall either party be liable to anyone for lost profits or revenue, or for incidental, consequential, punitive, cover, special, reliance or exemplary damages, or indirect damages of any type of kind no matter how caused, whether from breach of warranty, breach or

ORDER – No. 16-cv-02954-LB

> repudiation of contract, negligence, or any other legal cause of action from or in connection with this agreement.
>
> **10.2. Limitations on Liability.** [T]he maximum liability of either party to any person, firm or corporation whatsoever arising out of or in connection with any license, use or other employment of the Service, whether such liability arises from any claim based on breach or repudiation of contract, breach of warranty, negligence, tort, statutory duty, or otherwise shall in no case exceed the equivalent of 12 months in subscription fees applicable at the time of the event[.][1]

*See Embotelladora Electroputa S.A. de C.V. v. Accutek Packaging Quip. Co., Inc.*, No. 3:16-cv-00724-GPC-DHB, 2017 WL 3288492 at *3 (S.D. Cal. 2017) (granting summary judgment and limiting liability based on the contract's limitation of liability to the purchase price of the defective water-bottling machine). In its decision enforcing the contract's limitation-of-liability provision, the *Embotelladora* court considered the plain meaning of the provision and applied Cal. Com. Code § 2719, which provides that "limitation of consequential damages where the loss is commercial is valid unless it is proved that the limitation is unconscionable." *Id.* (noting too that the plaintiff did not respond to the defendant's interpretation of the clause in its opposition). The court follows that analysis as persuasive here. The contract provisions limit liability. *See id.* The plaintiff does not argue unconscionability, which is its burden to establish. *Id.* at *4 ("The burden of proving unconscionability under § 2719(1)(b)(3) lies with the plaintiff opposing a defendant's summary adjudication motion.") (citing *Westyle v. Look Sports, Inc.,* 17 Cal. App. 4th 1715, 1739 (1993)).

Instead, the plaintiff characterizes the provision as a liquidated-damages provision.[2] It is not. The weight of authority establishes that a provision like this one is a limitation on liability, not a liquidated-damages provision. *See*, *e.g.*, *Digital Envoy, Inc. v. Google, Inc.*, No. 5:04-CV-1497 RS, 2005 WL 2999364 at *2 (N.D. Cal. Nov. 8, 2005) ("in no event shall either party's damages in any lawsuit or other action brought under this agreement exceed the amounts paid by licensee hereunder" was a limitation on liability); *Travelers Indem. Co. v. Vessel Sam Houston*, 26 F.3d

---

[1] SSA, Ex. B to Gattey Decl. – ECF No. 119-1 at 54 (¶¶ 10.1–10.2). The defendant points out that the Professional Services Addendum to the SSA has a similar exclusion for services provided by NetSuite to Grouse River under the Scope of Work. Mot. – ECF No. 8 at 20 (citing SSA, Ex. B to Gattey Decl. – ECF No. 119-1 at 60 (¶ 5).

[2] Opp. – ECF No. 137 at 9–10.

895, 899 (9th Cir. 1994) ("[i]n case of any loss or damage to or in connection with goods exceeding in actual value $500 the value of the goods shall be deemed to be $500 per package" was a limitation on liability); *WeBoost Media S.R.L. v. LookSmart Ltd.*, No. C 13–5304 SC, 2014 WL 824297 at *3 (N.D. Cal. Feb. 28, 2014) ("[n]either party will be liable to the other party for more than the total amount paid or payable (plus applicable fees and costs) to [Defendant] under this Agreement" was a limitation of liability).

To support its argument, *Grouse River* cites *Bayol v. Zipcar*, 78 F.Supp.3d 1252, 1256 (N.D. Cal. 2015).[3] *Bayol* does not change the outcome here. *Bayol* was a putative class action challenging Zipcar's late fees under various California consumer-protection statutes. *Bayol*, 78 F. Supp. 3d at 1254. Zipcar moved to dismiss in part on the ground that the late fees were not liquidated damages because the amount varied depending on how late the car was returned. *Id.* at 1255–56. The district court denied the motion, holding that the fees were liquidated damages because they were fixed and certain. *Id.* at 1256. That decision — addressing whether a damages provision based on a formula fell within the liquidated-damages statute — is not relevant to the analysis of the contract provisions here, which plainly limit liability and do not provide for liquidated damages.

In sum, the court grants in part and denies in part the defendant's motion for summary judgment.

This disposes of ECF No. 119.

**IT IS SO ORDERED.**

Dated: November 21, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* at 9–10 (citing *Bayol v. Zipcar*, 78 F.Supp.3d 1252, 1256 (N.D. Cal. 2015)).