United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GROUSE RIVER OUTFITTERS LTD, <br> Plaintiff, <br> v. <br> ORACLE CORPORATION, <br> Defendant. | Case No. 16-cv-02954-LB <br><br> **CASE-MANAGEMENT ORDER** |

The court orders the following.

First, Grouse River represented that it would confine its fraud case to the specific statements in the court's order at ECF No. 88.

Second, within two weeks (meaning, by January 31, 2019), Grouse River must produce all financial information in its possession through 2017 that is responsive to Oracle's discovery requests.

Third, Oracle must check to see whether it can provide Grouse River access to its information by reopening the NetSuite platform. If it can, then within two weeks after that access is up and running, Grouse River must produce all financial information in its possession (through the NetSuite platform) through 2017 that is responsive to Oracle's discovery requests. The court must update the court within one week about whether it can provide access to the platform.

ORDER – No. 16-cv-02954-LB

Fourth, within two weeks (meaning, by January 31, 2019), Grouse River must provide its verified responses to Oracle's interrogatory requests.

Fifth, Oracle may make the two copies of the database it described at the January 17 hearing. It must produce one to Grouse River, which must produce within two weeks of receipt all financial information through 2017 that is responsive to Oracle's discovery requests. Oracle may retain one copy but may not review it absent stipulation of the parties or further order of the court.

Sixth, within two weeks after its receipt of Grouse River's productions (presumably by January 31, 2019 for round one productions and possibly a few days later if Oracle is able to grant access to the NetSuite platform), Oracle must confer with its expert, identify a schedule for updated expert reports, and discuss its proposal with Grouse River by telephone if possible and if not, by email. Grouse River has two business days after that to respond. Two business days after that, the parties must file a joint update that includes the dates for updated expert reports (if any) and expert depositions. If there are other mop-up depositions that the parties propose, they must decide on dates and include them in their joint statement, even if they disagree about whether the depositions should go forward. This process will result in an update to the court on these issues by roughly February 18, 2019.

Seventh, the court sets a further case-management conference for February 21, 2019 at 11:00 a.m.

The court will address the motion to exclude the expert in a separate order.

**IT IS SO ORDERED.**

Dated: January 17, 2019

_____
LAUREL BEELER
United States Magistrate Judge