KIEVE LAW OFFICES
  Loren Kieve (Bar No. 56280)
  2655 Steiner Street
San Francisco, California 94115-1141
Telephone:   (415) 364-0060
Facsimile:    (435) 304-0060
lk@kievelaw.com

Counsel for Plaintiff
Grouse River Outfitters, Ltd.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| GROUSE RIVER OUTFITTERS, LTD, | **CASE NO. 16-CV-02954 LB** |
|---|---|
| Plaintiff, | **GROUSE RIVER'S RESPECTFUL SUBMSSION TO THE COURT IN LIGHT OF ITS RECENT ORDERS** |
| vs. | |
| ORACLE CORP., | |
| Defendant. | |

Counsel for plaintiff Grouse River Outfitters, Ltd. respectfully requests that the Court accept this submission in response to the Court's comment in its recent order, ECF Doc. 192, that "Grouse River cannot complain about this process given that it caused it." Grouse River respectfully is not asking the Court for reconsideration of anything, only for a clearer understanding on the Court's part. Cf. N.D. Cal. Civ. L.R. 7-11.

***Grouse River materials on the NetSuite platform***

The Court's January 17, 2019 order, ECF Doc. 184, directed as follows:

"Oracle must check to see whether it can provide Grouse River access to its information by reopening the NetSuite platform. If it can, then within two weeks after that access is up and

1  running, Grouse River must produce all financial information in its possession (through the

2  NetSuite platform) through 2017 that is responsive to Oracle's discovery requests."

3      On October 3, 2018, over three months ago, Grouse River's counsel wrote to NetSuite's

4  counsel as follows (attached as Exh. A):

5      Dear Scott (and Paul):

6          This will respond to your October 1 letter regarding the Grouse River information on the NetSuite platform that GR no longer has access to.

7

8          There is a significant amount of confidential, internal GR information on the NS platform. When GR thought further about this topic, it seemed unreasonable to open up the entire GR data and information base to NS, particularly given the nature of this dispute.

9

10         Our proposal makes the most sense and will accommodate any reasonable need for additional information beyond the massive amounts that GR has already supplied to NS. GR therefore again proposes that NS open up access to GR to the site, and specify exactly

11 what information, beyond the information already provided, that NS wants, and why?

12         We can then discuss the parameters of what GR will search for and make available, That will also have a clear record for both sides of what data and information GR has

13 provided to NS.

14     That offer has been on the table since then. NetSuite/Oracle refused to agree to it. That is

15 just what the Court ordered be done. Grouse River did not cause this.

16     The statement by NetSuite/Oracle in the recent case management statement, ECF Doc.

17 181, at 8-9, that led to the Court's blaming Grouse River, is not only unsupported by any

18 competent evidence, it is false, as demonstrated by the letter above:

19         When Oracle requested access to Grouse River's data, Grouse River refused to provide unconditional consent. Grouse River's counsel has refused to meet and confer

20     further with Oracle's counsel on this issue.

21 See also ECF Doc. 175 at 8-9; ECF Doc. 181 at 9-10 (both chronicling the relevant chronology

22 and NetSuite/Oracle's lassitude in seeking to resolve the issues).

23     ***Grouse River's previous production of financial information.***

24     The Court's January 17, 2019 Order, ECF Doc. 184, also ordered that "within two weeks

25 (meaning, by January 31, 2019), Grouse River must produce all financial information in its

26 possession through 2017 that is responsive to Oracle's discovery requests."

27     Grouse River had already done so last year, furnishing the few additional items that it was

28 able to retrieve to supply to Mr. McEwen, long prior to the Court's order. Out of an abundance of

caution, it again produced these same materials as a separate document production on January 28, 2019 to comply with the Court's order.

Grouse River respectfully requests that the Court review Grouse River's previous submissions that will demonstrate that the evidence is uncontradicted that it has met every outstanding discovery obligation and deadline, and that it is NetSuite/Oracle that has not, and has unreasonably delayed these proceedings. See ECF Docs. 156, 161, 175 at 8 (NetSuite/Oracle's failure to ask for a meet and confer on anything), 181 at 9-10, 13 (same).

All these issues and the others raised by NetSuite/Oracle (other than the McEwen deposition, discussed below) in the January 15, 2019 filing were framed and teed up for the Court to consider on December 3, 2018, when the parties submitted, at NetSuite/Oracle's request, a supplemental case management statement. ECF Doc. 175. Nothing happened in the intervening time until, again following an eleventh-plus-hour NetSuite/Oracle request a month and a half later, the parties submitted another case management statement on January 15, 2019. ECF Doc. 181. Grouse River did not cause this.

*Mr. McEwen's deposition*

Grouse River respectfully requests that the Court re-read Grouse River's portion of the January 15, 2019 supplemental joint case submission, ECF Doc. 181 at 14-15 (reproduced below for the Court's convenience):

**The McEwen Expert Report**

With respect to the McEwen expert report, Oracle/NetSuite is again demonstrably wrong.

First, O/NS states, above, that:

When Oracle protested that this did not give it sufficient time to prepare for and attend the deposition in Canada, Grouse River's counsel claimed that if Oracle did not proceed on December 3, it would waive its right to take the deposition. Since then, Grouse River's counsel has refused to further meet and confer on this issue.

That, again, is demonstrably false.

Mr. McEwen's report was served on November 2, 2018. It was not until over two weeks later that O/NS even asked for dates to take his deposition.

On November 28, 2018, Grouse River's counsel e-mailed O/NS's counsel:

On November 20, you asked:

> "Please provide dates that your expert is available for deposition up to and including Dec. 7."
>
> I have done so. How much time will you require on December 3? If you need more, I will change my return flight.
>
> There is an outstanding case scheduling order that requires that all expert discovery be completed by December 7.
>
> If you are not prepared to take his deposition on December 3, I will assume that you have waived any right to do so.

Later the same day, in response to a follow-up e-mail from O/NS counsel, Grouse River's counsel wrote:

> I am offering whatever time under 7 hours you want. And you asked for available days. I gave you a day.

Not hearing anything further from O/NS counsel, Grouse River's counsel followed up the next day, November 29:

> What days would you want for Mr. McEwen's deposition and how much time?

The rest was silence. Dead silence.

Although O/NS asked to submit, and prepared the leading draft of, the December 3, 2018 supplemental joint case management statement, there is not a word in that document that suggested that O/NS wanted or needed to take Mr. McEwen's deposition. See ECF Doc. 175 passim.

The expert discovery cut-off of December 7, 2018 came and went. At no point in the six weeks since Grouse River offered to make Mr. McEwen available did O/NS ever mention or raise this. Grouse River therefore assumed, as the Court's rules and orders provide, that O/NS had determined to let the December 7 expert discovery cut-off date expire and that it did not need or want to take Mr. McEwen's deposition. That is a perfectly acceptable pretrial decision. See Gregory P. Joseph, Expert Approaches, LITIGATION, SUMMER 2002, at 20.

It was only on January 11, 2019 – over two months after Mr. McEwen's report was served and six weeks after Grouse River offered to make him available – asking "What days would you want for Mr. McEwen's deposition and how much time?" – that O/NS asked "to meet and confer" on taking his deposition. This was also over a month after the December 7, 2018 expert discovery cut-off date. As set out above, on both substantive and procedural grounds, O/NS's request to take it now is both meritless and rule- and time-barred. It is also unfair.

All these issues (other than the McEwen deposition) have been before the Court for resolution since December 3, 2018, and Oracle/NetSuite again waited for months to seek to raise them again without using the Court's normal channels and requirements. See ECF Doc. 175 at 8-9; ECF Doc. 181 at 9-10 (both detailing Oracle/NetSuite's failures to comply with the Court's meet and confer directions and its rules).

***Sincere apology***

If counsel for Grouse River has gotten crossways with the Court, he sincerely apologizes. If the Court were to take umbrage at this submission, he also apologizes for it, but believes that, given the Court's comment above and its rulings, he has a duty, not only to his client, but to the Court, to set the record straight as this case proceeds to trial with NetSuite/Oracle's new counsel.

Dated: January 30, 2019                                                Respectfully submitted,

*/s/ Loren Kieve*

Counsel for Grouse River Outfitters, Ltd.

# Exhibit A

# Kieve | Law Offices

2655 Steiner Street
San Francisco, California 94115-1141
www.kievelaw.com

Telephone: 415.364.0060
Facsimile: 435.304.0060
Conference: 866.384.2318

Loren Kieve
lk@kievelaw.com
Cell: 415.425.2655

October 3, 2018

*By e-mail*

Scott D. Gattey
Gattey Law Office
1001 Laurel Street, Suite C
San Carlos, California 94070
scott@gatteylaw.com

***Grouse River v. NetSuite.***

Dear Scott (and Paul):

     This will respond to your October 1 letter regarding the Grouse River information on the NetSuite platform that GR no longer has access to.

     There is a significant amount of confidential, internal GR information on the NS platform. When GR thought further about this topic, it seemed unreasonable to open up the entire GR data and information base to NS, particularly given the nature of this dispute.

     Our proposal makes the most sense and will accommodate any reasonable need for additional information beyond the massive amounts that GR has already supplied to NS.

     GR therefore again proposes that NS open up access to GR to the site, and specify exactly what information, beyond the information already provided, that NS wants, and why?

     We can then discuss the parameters of what GR will search for and make available, That will also have a clear record for both sides of what data and information GR has provided to NS.

Sincerely,

*Loren Kieve*
Loren Kieve
