1   LATHAM & WATKINS LLP
        Sarah M. Ray (Bar No. 229670)
2        *sarah.ray@lw.com*
        Alicia R. Jovais (Bar. No. 296172)
3        *alicia.jovais@lw.com*
        Diana A. Aguilar (Bar No. 304427)
4        *diana.aguilar@lw.com*
        505 Montgomery Street, Suite 2000
5       San Francisco, California  94111-6538
        Telephone: +1.415.391.0600
6       Facsimile: +1.415.395.8095

7       Elyse M. Greenwald (Bar No. 268050)
         *elyse.greenwald@lw.com*
8       200 Clarendon Street, 27th Floor
        Boston, MA 02116
9       Telephone: +1.617.948.6000
        Facsimile: +1.617.948.6001

10  GATTEY LAW OFFICE
11      Scott D. Gattey (SBN 180875)
    1001 Laurel Street, Suite C
12  San Carlos, California  94070
    Telephone:  650.596.7123
13  Facsimile:   866.371.3491
    Email:   scott@gatteylaw.com
14
15  Attorneys for Defendant
    ORACLE CORPORATION

    KIEVE LAW OFFICES
        Loren Kieve (SBN 56280)
    2655 Steiner Street
    San Francisco, California 94115-1141
    Telephone:  415.364.0060
    Facsimile:  435.304.0060
    Email:  lk@kievelaw.com

    SUSMAN GODFREY LLP
        Stephen Susman
    1000 Louisiana St. Ste. 5100
    Houston, Texas 77002
    Telephone:  713.651.9366
    Email: ssusman@susmangodfrey.com

    SUSMAN GODFREY LLP
        Meng Xi
    1900 Avenue of the Stars, Suite 1400
    Los Angeles, California 90067
    Telephone:  310.789.3100
    Facsimile:   310.789.3150
    Email: mxi@susmangodfrey.com

    Attorneys for Plaintiff
    GROUSE RIVER OUTFITTERS, LTD.

16                      UNITED STATES DISTRICT COURT

17                     NORTHERN DISTRICT OF CALIFORNIA

18                        SAN FRANCISCO DIVISION

19

20  GROUSE RIVER OUTFITTERS LTD.,              Case No. 3:16-cv-02954-LB

21                     Plaintiff,              **JOINT CASE MANAGEMENT
                                               STATEMENT**
22           v.

23  ORACLE CORPORATION,                        Time:     10:00 AM
                                               Date:     May 2, 2019
24                     Defendant.              Place:    Courtroom B, 15th Floor
                                               Judge:    The Honorable Laurel Beeler
25

26

27

28

In accordance with the Court's order, Dkt. 213, the parties, Grouse River Outfitters, Ltd ("Grouse River") and Oracle Corporation ("Oracle"), provide the following statement regarding the case status and pre-trial schedule:

## I.       Case Update

### A.       Grouse River Statement.

In its e-mail ECF minute order, ECF Doc. 213, the Court stated that "To make sure things are on track, the court sets a further case-management conference for 5/2/2019 at 11:00 a.m. and directs the filing of a short joint update on 4/25/2019."

At Oracle's suggestion, Grouse River prepared the first draft and proposed the following:

> Consistent with the Court's scheduling orders, the depositions of Maciek Wronski and Glenn Fallis were completed on April 10 and 12, and the parties exchanged expert reports on April 19. The parties are proceeding on the Court's current schedule.

Oracle came back with a litany of matters that Grouse River respectfully believes should be the subject of a meet and confer under the Court's standing order, and proposed modifications to the Court's scheduling orders. For the reasons set out below (in *italics*) Grouse River concurs in Oracle's request that the Court modify its existing pretrial schedule to accommodate the parties' and their counsel's schedules and allow for an orderly ramp up to the July 8 trial. Grouse River has added responses (in *italics*) to Oracle's positions below.

### B.       Oracle Statement

Below, Oracle provides updates regarding the fact and expert discovery that has taken place since the last case management conference.

#### 1.       Fact Discovery

On February 27, 2019, the Court entered the parties' stipulation regarding Grouse River's client file with its outside accountant, Grant Thornton.  Dkt. 211.  On April 1, 2019, Grant Thornton completed its production of its client file regarding Grouse River.  Grant Thornton, however, only retained and could produce email communications with Grouse River that post-date April 2016.  Oracle requested production from Grant Thornton of its communications with Grouse River because Grouse River itself failed to preserve its communications with its accountant both before and after it filed its complaint in this litigation.  Oracle's position is that Grouse River's

failure to preserve its communications with its accountant, as well as its failure to preserve its communications with its banks, constitutes spoliation of evidence relevant to its financial condition.  In connection with its pretrial filings, Oracle intends to seek relief from the Court for Grouse River's failure to preserve relevant evidence.  In addition, Oracle believes that, through its pre-trial filings, Grouse River's fraud claims can be furthered narrowed.

**Grouse River response:**

*Grouse River disputes these claims, and will respond when and if Oracle properly raises them. See the Court's standing order.*

### 2.    Fact Witness Depositions

On April 10 and April 12, 2019, Oracle deposed Grouse River's former director of purchasing, Maciek Wronski, and its former CEO, Glenn Fallis, in Vancouver, Canada.  Oracle was unable to take the deposition of Grouse River's former director of e-commerce, Ryan Wuest, due to a serious illness.  Given his illness, the parties do not expect Mr. Wuest to appear at trial.

**Grouse River response:**

*Grouse River concurs.*

### 3.    Expert Discovery

On April 19, 2019, the parties exchanged updated expert reports.  Oracle will be serving an updated rebuttal report on May 3, 2019, in accordance with the schedule previously set by the Court.  Dkt. 207.

In response to Grouse River's complaints below, Oracle notes that it provided Grouse River with its expert's monthly billing invoices to date which detail its expert's hourly rate and total hours worked.  Grouse River thus has Oracle's expert's total compensation.  **Grouse River response:**

*Oracle did not merely serve an "updated" report. It served virtually an entirely new one, seeking (but not succeeding) to overcome the deficiencies in its first one. Grouse River will deal with it in due course. In addition, the "new" Sterling/Perry report did not include his total compensation, but merely his "hourly rate." Grouse River has asked Oracle to amend it to include his total compensation. See Silgan Containers v. Nat'l Union*

*Fire Ins., No. C 09-05971 RS LB, 2011 WL 1058861, at \*5 (N.D. Cal. Mar. 23, 2011) (Rule 26(a)(2)(B)(vi) specifically requires that the report itself include total compensation). Merely providing statements does not suffice. So far, Oracle has not done so, Grouse River is cautiously optimistic that it will.*

## II.     Pre-Trial Schedule

In its March 31, 2019 Order, the Court revised the pre-trial deadlines (Dkt. 207) to conform to the Court's required pre-trial procedures.  Dkt. 213 (revised pre-trial schedule).  Both parties respectfully request that the Court make certain modifications to the revised pre-trial schedule but disagree with respect to those modifications, with the exception that the parties are in agreement in their request that the Court hold the final pre-trial conference on June 27, 2019 instead of June 20, 2019.

### A.     Grouse River's Position

Based on a trial date of July 8, 2019, Oracle proposed a set of interim dates, to which Grouse River acceded, and the parties submitted them to the Court, ECF Doc. 204-5, which then adopted them in its February 20, 2019 "Revised Scheduling Order," ECF Doc. 207.

Grouse River's agreement to those dates was premised on the schedules of its counsel, who had (and have) certain long-planned prior commitments. The Court's revised scheduling order, ECF Doc. 213, conflicts with those commitments.

Grouse River therefore respectfully requests, consistent with (i) the Court's timetables, (ii) some of Oracle's suggested modifications and (iii) Grouse River's counsel's prior commitments, that the Court set the following dates, all tied to the pretrial schedule set forth in the Court's initial scheduling order, ECF Doc.55, based on Grouse River's agreement to the general schedule in ECF Doc. 207, and the trial date of July 8, 2019:

| | |
|---|---|
| MAY. 10 | MEET AND CONFER RE PRETRIAL FILINGS |
| | EXCHANGE WITNESS LISTS |
| MAY 15 | SERVE (BUT NOT FILE) MOTIONS IN LIMINE |
| MAY 17 | EXCHANGE DEPOSITION DESIGNATIONS |
| MAY 22 | SERVE (BUT NOT FILE) OPPOSITIONS TO MOTIONS IN |

| | | |
|---|---|---|
| 1 | | LIMINE |
| 2 | MAY 24 | EXCHANGE DEPOSITION COUNTER-DESIGNATIONS |
| 3 | MAY 24 | FILE: |
| 4 | | MOTIONS IN LIMINE (OTHER THAN FOR EXPERTS) |
| 5 | | JOINT PROPOSED PRETRIAL ORDER |
| 6 | | SIGNED STIPULATIONS |
| 7 | | SEPARATE WITNESS LISTS |
| 8 | | JOINT PROPOSED VERDICT FORM |
| 9 | | JOINT VOIR DIRE, SUPPLEMENTED BY SEPARATE |
| 10 | | REQUESTS |
| 11 | | PROPOSED JURY QUESTIONNAIRE (IF DIFFERENT |
| 12 | | FROM COURT'S STANDARD ONE) |
| 13 | | JOINT JURY INSTRUCTIONS |
| 14 | | SEPARATE MEMORANDA ON DISPUTED JURY INSTRUCTIONS |
| 15 | | TRIAL BRIEFS ON ANY REMAINING ISSUES |
| 16 | | COPIES OF RULE 26(a)(3) DISCLOSURES |
| 17 | | CHAMBERS COPIES OF THESE MATERIALS |
| 18 | | WORD VERSIONS E-MAILED TO CHAMBERS |
| 19 | MAY. 31 | OPPOSITIONS, OBJECTIONS, EXHIBITS, AND DEPO |
| 20 | | DESIGNATIONS DUE |
| 21 | | LODGE JOINT SETS OF TRIAL EXHIBITS WITH DEPUTY |
| 22 | | CLERK |
| 23 | | COPIES OF DEPOSITION DESIGNATIONS FOR WITNESSES |
| 24 | | APPEARING ONLY BY DESIGNATION |
| 25 | | COPIES OF DESIGNATION OF INTERROGATORIES AND |
| 26 | | ADMISSIONS |
| 27 | | OBJECTIONS TO EXHIBITS AND USE OF DEPOSITIONS |
| 28 | | CHAMBERS COPIES |

| 1 | JUNE 25 | FILING OF DEPOSITION PACKAGES |
| 2 | JUNE 27 | FINAL PRETRIAL CONFERENCE |
| 3 | JULY 8 | TRIAL (FIVE DAYS) |

This schedule will provide the parties with sufficient time between the May 24 and May 31 filings to intelligently do their final pretrial preparations, and allow the Court sufficient time to consider any unresolved or disputed issues.

If Oracle believes, based on Mr. McEwen's report, that certain of his views are subject to an *in limine* motion – notwithstanding the Court's rather clear prior indications that it is going to give free range to allow both experts to testify based on their reports, see, e.g., ECF Doc. 205 at 5:2-5 – it should make its motion on May 15 consistent with the Court's standard procedures.

Although this schedule may "accelerate" the filing of "Oppositions, objections, exhibits and depo designations" by a week from June 6 (set by ECF Doc. 213) to May 31, and advances the date for *in limine* motions by a week from May 21 (set by ECF Doc. 213) to May 15,  it starts with the May 10 date the parties agreed to and that was then set by the Court when it entered its February 20, 2019 "Revised Scheduling Order," ECF Doc. 207, based on Grouse River's counsel's pre-existing commitments, and then follows the progression of dates and events set out in the Court's initial scheduling order, ECF Doc. 55, but give the parties and the Court additional time to prepare for trial after the May 31 filings. The same schedule also set out a date of March 1, 2019 to "complete all fact discovery" – which Grouse River complied with – and for depositions – which Grouse River complied with – and for expert disclosures and depositions – which are also on track as scheduled.

**B.    Oracle's Position**

While Oracle requests that the Court make certain modifications to the pre-trial schedule, it cannot agree to the schedule proposed above by Grouse River, which seeks to accelerate most of the pre-trial deadlines.  Given that the parties only recently concluded fact discovery, and that expert discovery remains ongoing, Oracle cannot agree to a schedule that pushes up the pre-trial deadlines any further.  Oracle agreed to trial on July 8 because Grouse River's counsel represented that it was the only date in 2019 that counsel were available; yet, Grouse River's proposed schedule

suggests that its counsel are not available during the first three weeks of June to do the necessary pre-trial work. Oracle's trial preparation should not be dictated by Grouse River's counsel's personal schedule. If Grouse River's counsel had "long planned prior commitments" in June, Grouse River should not have demanded an early July trial.

As noted above, Oracle respectfully requests that the Court hold the pre-trial conference on June 27, 2019 (instead of June 20, 2019) so that all deadlines that are linked to the pre-trial conference in the Court's pre-trial order (Dkt. 55) are pushed out a week, with the exception of the due dates for motions in limine and deposition designations, which Oracle addresses separately below.

**Motions In Limine**. Under the Court's revised schedule, the parties are currently required to exchange their motions in limine on May 21, 2019 (30 days before the final pretrial conference, which is currently set for June 20, 2019). *See* Dkt. 55, 213. The parties, however, are set to hold expert depositions the week of May 20 (Dkt. 207) and thus those expert depositions will not be complete prior to the deadline for serving motions in limine. Oracle intends to move in limine to exclude certain of the opinions of Grouse River's damages expert, Paul McEwen, and anticipates that his deposition testimony will provide support for its motion. Oracle thus requests that the Court modify the pre-trial schedule so that the parties (i) serve their motions in limine on June 7, 2019, (ii) serve their oppositions to any motions in limine on June 14, 2019, and (iii) file the motions in limine in accordance with the Court's instructions on June 17, 2019.

**Deposition Designations**. Under the revised schedule, the parties are required to exchange deposition designations before they will have exchanged their trial witness lists, making it difficult to know whether it is necessary to designate a given witness's testimony. Oracle requests that the Court modify the current schedule so that the parties (1) exchange witness lists for their respective case-in-chief no later than May 17, 2019, (2) exchange deposition designations for witnesses who will appear by deposition only on May 31, 2019, (3) exchange counterdesignations and objections to deposition testimony on June 14, 2019, and (4) file the deposition packets in accordance with the Court's instructions on June 25, 2019. Oracle would also like to discuss the Court's procedures for compiling the deposition packets at the upcoming conference.

1    Dated:  April 25, 2019              Respectfully submitted,

2                                        LATHAM & WATKINS LLP

3

4                                        By:  /s/ Sarah M. Ray
                                              Sarah M. Ray
5                                             Attorney for Defendant ORACLE
                                              CORPORATION
6

7                                        KIEVE LAW OFFICES

8                                        By:  /s/ Loren Kieve
                                              Loren Kieve
9

10                                       SUSMAN GODFREY LLP

11                                       By:/s/Stephen D. Susman
                                             Stephen D. Susman
12
                                             Attorneys for Plaintiff GROUSE RIVER
13                                           OUTFITTERS LTD.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28