LATHAM & WATKINS LLP
   Sarah M. Ray (Bar No. 229670)
      sarah.ray@lw.com
   Alicia R. Jovais (Bar No. 296172)
      alicia.jovais@lw.com
   Diana A. Aguilar (Bar No. 304427)
      diana.aguilar@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

   Elyse M. Greenwald (Bar No. 268050)
      elyse.greenwald@lw.com
200 Clarendon Street, 27th Floor
Boston, MA 02116
Telephone: +1.617.948.6000
Facsimile: +1.617.948.6001

GATTEY LAW OFFICE
   Scott D. Gattey (Bar No. 180875)
      scott@gatteylaw.com
1001 Laurel Street, Suite C
San Carlos, California 94070
Telephone: +1.650.596.7123
Fax: +1.866.371.3491

*Attorneys for Defendant Oracle Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GROUSE RIVER OUTFITTERS LTD., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORPORATION, <br><br> Defendant. | Case No. 3:16-cv-02954-LB <br><br> **ORACLE CORPORATION'S RESPONSE TO GROUSE RIVER'S "MOTION FOR CLARIFICATION" (DKT. 302)** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ORACLE'S RESPONSE TO GROUSE RIVER'S
"MOTION FOR CLARIFICATION" (DKT. 302)
CASE NO. 3:16-CV-02954-LB

On June 25, 2019, Grouse River filed a "Motion for Clarification" of the Court's Further Order and Chart Regarding Actionable Alleged Representations (Dkt. 291). Dkt. 302. Grouse River's motion is an obvious and improper attempt to introduce, on the eve of trial, new and never before pled fraud allegations, and to revive allegations that this Court previously ruled are not actionable. The Court's Order at Dkt. 291 is clear and requires no clarification: Grouse River may only proceed to trial on the 10 alleged representations that the Court has deemed actionable, and "***Grouse River may not base its claims on other representations found in other documents (e.g., representations where it did not plead in its complaint that those were the representations it relied on)***." Dkt. 291 at 2 (emphasis added). After years of litigation regarding which specific alleged representations may be presented at trial, the Court has unambiguously determined this issue. Grouse River cannot introduce new purported representations less than two weeks before trial.

## BACKGROUND

On June 19, 2019 the Court issued an order clarifying the scope of the 16 allegations of fraud that the Court had found actionable and that Grouse River may pursue at trial. Dkt. 279. In that Order, the Court noted that the complaint alleges that some representations were made in specific documents, and asked the parties to file a joint statement identifying the trial exhibits that corresponded to those documents. *Id.* When the parties could not agree on a joint statement[1], the Court issued a second order, directing the parties to file a joint statement identifying which trial exhibit (if any) reflected nine specific documents that are referenced in the Complaint and allegedly include fraudulent representations. Dkt. 282.

In the joint statement, the parties agreed that three of the nine documents at issue have corresponding trial exhibits and four do not, and they disagreed about whether a 2015 publication (TX 258) and a draft of the Statement of Work (TX 259) could support any actionable alleged representation. Dkt. 284. In a separate portion of the statement, Grouse River

---

[1] The parties could not agree on a joint statement because Grouse River sought to hide from the Court that no document supported many of its allegations, and because Grouse River attempted to add new documents that did not contain or reflect the allegations the Court previously ruled could proceed to trial.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ORACLE'S RESPONSE TO GROUSE RIVER'S
"MOTION FOR CLARIFICATION" (DKT. 302)
CASE NO. 3:16-CV-02954-LB

listed eight additional exhibits that it argued contained "written actionable representations," even though it could not tie those exhibits to any of the nine documents cited in the Complaint, or to any alleged representation that the Court has found actionable. *Id.* at 2.[2] Oracle objected to the additional exhibits because they did not support any allegation that the Court had deemed actionable in its January 5, 2018 Order (Dkt. 88). *Id.*[3]

On June 21, 2019, the Court issued a Further Order and Chart Regarding Actionable Alleged Representations. Dkt. 291. The Court explained that, "as [it] has discussed with the parties many times, the 16 alleged representations listed as actionable in [the Court's order on the motion for judgment on the pleadings, Dkt. 88] were the only representations on which Grouse River can base its claims." *Id.* at 1. The Court held that "***Grouse River may not base its claims on other representations found in other documents (e.g., representations where it did not plead in its complaint that those were the representations it relied on)***." *Id.* at 2 (emphasis added); *see also* June 20, 2019 Hr'g Tr., Dkt. 303 at 88:10-11 ("THE COURT: We're limited to the chart, period, end of story."); *id.* at 89:24-90:3 ("THE COURT: . . . You're limited to the allegations that we've defined. That's it."). Because Grouse River failed to offer any evidence that NetSuite ever made six of the written alleged representations, the Court further limited the actionable representations to 10. Dkt. 291 at 2-3, 4-6.

Grouse River now seeks "clarification" of this Order and asks that the Court allow it to rely on an additional five documents that contain new alleged representations not set forth in the Court's chart, or ever pled in Grouse River's complaint. Dkt. 302. The Court should preclude Grouse River from trying (once again) to change its fraud allegations less than two weeks before trial.

---

[2] Grouse River claims that it "did not specifically tie each additional trial exhibit to the actionable alleged representations in the Court's proposed chart because the Court had not asked for that additional step." Dkt. 302 at 1. In fact, as explained below, Grouse River did not do so because it cannot do so.

[3] Grouse River's statement that Oracle "has not objected to any of [the additional exhibits] at the Pretrial Conference" is false. Dkt. 302 at 1. Only the contracts (TX 3, TX 4, and TX 259) were discussed in any detail; Oracle strenuously objected to those and the Court sustained the objection. June 19, 2019 Hr'g Tr., Dkt. 303 at 78:12-24.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ORACLE'S RESPONSE TO GROUSE RIVER'S
"MOTION FOR CLARIFICATION" (DKT. 302)
CASE NO. 3:16-CV-02954-LB

## ARGUMENT

Grouse River has known since January 2018 that it was limited to (at most) the 16 alleged representations that the Court held satisfied Rule 9(b) and were actionable. *See* Dkt. 88. It cannot now, on the eve of trial, either add new fraud allegations that it never pled, or seek to revive allegations that the Court has already held are not actionable. Yet that is exactly what Grouse River is trying to do with its motion for "clarification." The Court should deny Grouse River's motion and reiterate that Grouse River's fraud claims may only be based on the 10 alleged representations identified in the Court's Order (Dkt. 291).

Grouse River seeks to present evidence that NetSuite made misrepresentations to Grouse River in five additional documents (documents that are not referenced anywhere in the Court's chart of actionable allegations): TX 168, TX 169, TX 200, TX 351, and TX 355. Grouse River asserts that "these proposed exhibits reflect the actionable statements in the Court's chart" (Dkt. 302 at 1), but that is demonstrably false. The new documents that Grouse River seeks to rely on do not support the representations that the Court has deemed actionable—which is why Grouse River makes no effort to link these new documents to the Court's chart of actionable allegations or any allegations in its complaint. Instead, through these documents, Grouse River is trying to introduce new allegations of fraud that it never pled, or revive allegations that the Court has already found are not actionable. The Court should shut down – once and for all – Grouse River's impermissible efforts to change its theory of fraud on the eve of trial.

Oracle specifically addresses each of Grouse River's new documents, and the "actionable representations" they supposedly support, below:

| TX # | Description | Oracle's Response |
|---|---|---|
| 168 | NetSuite SuiteCommerce Advanced marketing material | Grouse River asserts that TX 168 supports a list of supposedly actionable representations. *See* Dkt. 302 at 3. ***The problem is that the "actionable representations" that TX 168 supposedly supports are not pled in Grouse River's complaint, and TX 168 does not support the allegations that are actually pled.*** ***Grouse River is trying to use TX 168 to introduce*** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ORACLE'S RESPONSE TO GROUSE RIVER'S
"MOTION FOR CLARIFICATION" (DKT. 302)
CASE NO. 3:16-CV-02954-LB

| TX # | Description | Oracle's Response |
|---|---|---|
| | | *new fraud allegations*. For example, Grouse River claims that TX 168 supports the following supposedly actionable allegation: "Customer targeting. Dynamically segment customers to provide personalized merchandising and promotions based on behavior, demographics, purchases, and more." Grouse River, however, does not allege anything remotely similar in Paragraph 35 (the only paragraph of the complaint that purports to describe representations in the SuiteCommerce Advanced marketing material), or anywhere else in the complaint. There is no, and there has never been, any actionable fraud allegation regarding "customer targeting." <br><br> ***TX 168 does not support the allegations that are in the complaint***. For example, Paragraph 35 of the complaint purports to describe allegedly false statements in SuiteCommerce Advanced marketing material, including that the NetSuite software could "[a]utomatically remove[] out-of-stock items from your site." Dkt. 288 ¶ 35. TX 168 does not contain that statement. *See* Dkt. 291 at 2. *See* Dkt. 291 at 2 ("Grouse River may not base its claims on representations where it has no evidence that the specified documents actually contain the alleged representations."). <br><br> As explained in Oracle's Motion *in Limine* No. 3, Dkt. 238, which the Court granted, Dkt. 292, Grouse River's complaint quotes from a 2016 NetSuite advertisement that Grouse River could not have relied on in entering into its agreements with NetSuite, and the 2016 advertisement is materially different from the 2013 advertisement. It is too late for Grouse River to argue that it, in fact, relied on representations included in the 2013 advertisement because those representations, and Grouse River's reliance on them, ***were never pled***. *See* Dkt. 291 at 2 ("Grouse River may not base its claims on other representations found in other documents (e.g., |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ORACLE'S RESPONSE TO GROUSE RIVER'S
"MOTION FOR CLARIFICATION" (DKT. 302)
CASE NO. 3:16-CV-02954-LB

| TX # | Description | Oracle's Response |
|------|-------------|-------------------|
| | | representations where it did not plead in its complaint that those were the representations relied on).").[4] |
| 169 | Dec. 4, 2013 email from Cole Waldron to Glenn Fallis and others | ***Grouse River is impermissibly trying to introduce new fraud allegations through TX 169.***<br><br>The "actionable representations" that TX 169 supposedly supports are not pled anywhere in the complaint. There is no allegation in the complaint that Mr. Waldron made any allegedly false representation in a December 4, 2013 e-mail, nor that Grouse River relied on any such representation in entering into the parties' agreements. *See* Dkt. 291 at 2 ("Grouse River may not base its claims on other representations found in other documents (e.g., representations where it did not plead in its complaint that those were the representations relied on)."). |
| 200 | Oct. 24, 2013 email from Cole Waldron to Glenn Fallis and others attaching spreadsheet | ***Grouse River is trying to make actionable allegations that the Court has already held are not actionable.*** In paragraph 42 of the complaint, Grouse River alleges that in an October 24, 2013 e-mail, Mr. Waldron wrote to Mr. Fallis, "As previously discussed, I have used your requirements documents to call our natively delivered functionality as well as customizations and partner solutions. (attached)." Dkt. 288 ¶ 42. The Court held that this statement is not actionable because ***"[t]he complaint does not allege that this is false***. These are allegations about what Grouse River expressed it needed in its software system." Dkt. 88 at 11.<br><br>The supposed "actionable representations" that Grouse River now argues TX 200 supports are not included anywhere in the complaint. Again, ***Grouse River is trying to introduce new fraud allegations that it never pled***. |
| 351 | NetSuite for Retail marketing material | Grouse River asserts that TX 351 supports a list of supposedly "actionable representations," Dkt. 302 at 5, but again, ***Grouse River is trying to rewrite the*** |

---

[4] It would not make a difference if the representations in TX 168 were in fact similar to the allegations in Paragraph 35 (or any other paragraph of the complaint). Grouse River has alleged in its complaint that Mr. Fallis reviewed certain specific marketing materials and relied on those marketing materials. Rule 9(b) does not allow Grouse River to prove fraud with "similar" statements from other documents.

| TX # | Description | Oracle's Response |
|------|-------------|-------------------|
|      |             | *allegations in its complaint*.

For example, Grouse River asserts that TX 351 supports the "actionable representation" that NetSuite for Retail provides a "full featured and easy-to-use POS." Dkt. 302 at 5. While that representation is included in TX 351, there is no such allegation in the complaint. The complaint instead alleges that Grouse River relied on an advertisement that represented that NetSuite for Retail could provide a "mobile ready POS." Dkt. 288 (¶ 23) at 5-6.

As explained in Oracle's Motion *in Limine* No. 3, Dkt. 238, which the Court granted, Dkt. 292, Grouse River's complaint quotes from a 2015 NetSuite advertisement that Grouse River could not have relied on in entering into its agreements with NetSuite, and the 2015 advertisement is materially different from the 2013 advertisement. It is too late for Grouse River to argue that it, in fact, relied on representations included in the 2013 advertisement because those representations, and Grouse River's reliance on them, *were never pled*. *See* Dkt. 291 at 2 ("Grouse River may not base its claims on other representations found in other documents (e.g., representations where it did not plead in its complaint that those were the representations relied on).")

Grouse River also misrepresents that Oracle put this document on the final exhibit list. It did not. |
| 355  | Oct. 9, 2013 email from Cole Waldron to Glenn Fallis and others stating, "Your ecommerce requirements are a very strong fit got NetSuite ecommerce." | ***Grouse River is trying to make actionable allegations that the Court has already held are not actionable.*** The Court ruled that the statement in the October 9, 2013 e-mail is not actionable. *See* Dkt. 88 at 12 (statement alleged in ¶ 64 that "your ecommerce requirements are a very strong fit for NetSuite ecommerce" is "too general to be actionable fraud"). |

Grouse River apparently never intended to try to prove that the alleged representations included in its complaint, and that the Court identified as actionable in Dkt. 88, are false or fraudulent. As a result, and on the eve of trial, Grouse River realizes it needs to change its fraud allegations, because it has no evidence to prove the allegations that it actually pled. That is not

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ORACLE'S RESPONSE TO GROUSE RIVER'S
"MOTION FOR CLARIFICATION" (DKT. 302)
CASE NO. 3:16-CV-02954-LB

1  how trials work, and Grouse River does not get to identify new fraud allegations at this late
2  stage. A year and a half ago, the Court limited the scope of this case to 16 alleged
3  representations that it deemed actionable. Dkt. 88. When it became clear that Grouse River
4  lacked any evidence to support six of those representations, the Court further limited the case to
5  10 representations. Dkt. 291. Those are the representations Oracle has prepared to defend
6  against and the only representations that Grouse River may argue constitute fraud at trial.

Dated: June 26, 2019                     Respectfully submitted,

/s/ Sarah M. Ray

Sarah M. Ray (Bar No. 229670)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: +1.415.391.0600
Fax: +1.415.395.8095
Email: sarah.ray@lw.com

*Attorney for Defendant Oracle Corporation*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ORACLE'S RESPONSE TO GROUSE RIVER'S
"MOTION FOR CLARIFICATION" (DKT. 302)
CASE NO. 3:16-CV-02954-LB