UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GROUSE RIVER OUTFITTERS LTD, <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORPORATION, <br><br> Defendant. | Case No. 16-cv-02954-LB <br><br> **ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION OF ALLEGED REPRESENTATIONS** <br><br> Re: ECF Nos. 291, 302 |

The court responds to plaintiff Grouse River's motion for clarification[1] of the court's Further Order and Chart Regarding Actionable Alleged Representations ("Further Order").[2]

To the extent that Grouse River is requesting that the court "clarify" that it can change the representations on which it bases its fraud claim, its motion is denied. Grouse River is limited to its complaint and the specific representations pleaded in its complaint, as limited by the court's subsequent orders. The court identified the representations that sounded in fraud, and Grouse River agreed that it would stand on those representations. The court identified the 16

---

[1] Pl. Mot for Clarification – ECF No. 302. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 291.

ORDER – No. 16-cv-02954-LB

1  representations that were actionable.[3] The court subsequently removed five representations
2  because Grouse River alleged that the representations were made in specified documents but did
3  not offer the documents as exhibits.[4] It removed a sixth representation because it was grounded in
4  an email that did not contain the representation.[5] The court thus limited the actionable allegations
5  to those in the chart at ECF No. 291.[6]

6  Now, Grouse River wants to substitute documents to serve as the bases for its theories of
7  fraud. For more context, Grouse River pleaded in its complaint that NetSuite made certain specific
8  representations — listed as representations 3 through 6 in the court's prior order — in certain
9  specific documents, namely (as relevant here) the documents (1) http://www.netsuite.com/portal/
10 assets/pdf/ds-retail.pdf, (2) ds-suitecommerce-advanced.pdf, (3) http://www.netsuite.com/portal/
11 assets/pdf/_NS_SuiteCommerceAdvanced_Digital.pdf, (4) ds-NetSuite-advanced-inventory-1, and
12 (5) http://www.netsuite.com/portal/assets/pdf/ds-netsuiteadvanced-inventory.pdf.[7] Grouse River
13 acknowledges that (1) the first document post-dates the parties' agreements and that it "does not
14 presently intend to rely on TX 258 [http://www.netsuite.com/portal/assets/pdf/ds-retail.pdf] to
15 establish any pre-contractual actionable statement made by NetSuite,"[8] and (2) it did not submit
16 any of the other documents as trial exhibits.[9] Grouse River now proposes that four different
17 documents — marked as TX 168, TX 169, TX 351, and TX 355 — can substitute for the
18 documents and representations it pleaded in its complaint and serve as the bases for its fraud
19 claims. They cannot. Grouse River is limited to the representations that the court identified
20 previously in ECF No. 241, and it cannot change its theory of fraud now.[10]

---

[3] Order – ECF No. 279.

[4] Order – ECF No. 291 at 2–3.

[5] *Id.* at 3.

[6] *Id.* at 4–6.

[7] Fourth Amend. Compl. – ECF No. 288 at 5–6 (¶¶ 23, 25), 8–9 (¶¶ 35, 37).

[8] Joint Statement – ECF No. 284 at 2 (¶ 2).

[9] *Id.* at 2 (¶¶ 3–6).

[10] The court does not understand why Grouse River did not address — well in advance of trial — the fact that the documents and representations it pleaded do not match the documents and representations

ORDER – No. 16-cv-02954-LB                  2

Grouse River also claims that its own list of objectives (and NetSuite's comments thereto) constitute representations by NetSuite that are predicates for Grouse River's fraud claims, citing paragraph 42 of its complaint and TX 200. It cannot. Grouse River's theory that its own list of objectives constituted actionable representations by NetSuite was tenable, if at all, only by virtue of Grouse River's alleging that NetSuite represented in an April 4, 2013 email that it "could meet the vast majority of Grouse River's requirements." *Grouse River Outfitters Ltd. v. NetSuite, Inc.*, No. 16-cv-02954-LB, 2018 WL 306719, at *1, *4 (N.D. Cal. Jan. 5, 2018) (citing Second Amended Complaint paragraph 53, which in turn cited paragraphs 41 to 51).[11] As it turns out, the April 4, 2013 email does not say that.[12] Absent that representation by NetSuite, Grouse River cannot base its fraud claims on its own objectives or statements.

Grouse River argues that Oracle did not object to admitting these exhibits as trial exhibits. That is beside the point. Whether Oracle objected to admitting these exhibits as trial exhibits — for whatever evidentiary purpose they may or may not have under Grouse River's current alleged representations and case theories — is not a green light to Grouse River change its alleged representations. The court ruled, and Grouse River agreed, that certain representations would serve as the bases for Grouse River's fraud claims. Grouse River can prove those claims up, and it can use identified exhibits as evidence and context, but it cannot change its theories of fraud.

**IT IS SO ORDERED.**

Dated: June 28, 2019

LAUREL BEELER
United States Magistrate Judge

---

it now cites. Grouse River cannot change the representations that are the predicates for its fraud claims on the eve of trial.

[11] Order – ECF No. 88 at 12.

[12] *See* Further Order – ECF No. 291 at 3 (citing TX 399).

ORDER – No. 16-cv-02954-LB                      3