LATHAM & WATKINS LLP
   Sarah M. Ray (Bar No. 229670)
    *sarah.ray@lw.com*
   Alicia R. Jovais (Bar. No. 296172)
    *alicia.jovais@lw.com*
   Diana A. Aguilar (Bar No. 304427)
    *diana.aguilar@lw.com*
   505 Montgomery Street, Suite 2000
   San Francisco, California 94111-6538
   Telephone: +1.415.391.0600
   Facsimile: +1.415.395.8095

   Elyse M. Greenwald (Bar No. 268050)
    *elyse.greenwald@lw.com*
   200 Clarendon Street, 27th Floor
   Boston, MA 02116
   Telephone: +1.617.948.6000
   Facsimile: +1.617.948.6001

GATTEY LAW OFFICE
   Scott D. Gattey (Bar No. 180875)
    *scott@gatteylaw.com*
   1001 Laurel Street, Suite C
   San Carlos, California 94070
   Telephone: +1.650.596.7123
   Fax: +1.866.371.3491

*Attorneys for Defendant Oracle Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GROUSE RIVER OUTFITTERS LTD., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE CORPORATION, <br><br> Defendant. | Case No. 3:16-cv-02954-LB <br><br> **PARTIES' JOINT STATUS UPDATE RE DKT. 319** |

Pursuant to the Court's Order, Dkt. 319, the parties submit the following joint update:

**Grouse River's Position**

From its reading of the Court's order, Grouse River understands that the Court's concern is to allow the parties to "know[] what their openings will look like." Grouse River's proposal does that:

- In its opening statement, Grouse River will not mention any component or amount of the damages it is seeking. It may assert that its evidence will show that it has been damaged by NetSuite, but will not refer to any specific damage theory or amount.
- Oracle can present anything it wants to present.

This will allow the parties to prepare and give their opening statements, and allow sufficient time for the court to determine, Monday or perhaps even later, what damages components Grouse River may present to the jury during its case in chief. Grouse River's damages evidence will be presented at the end of Mr. Fallis's testimony, which likely will be on Tuesday afternoon, so the court can decide the issues presented in a deliberative and orderly process.

Oracle is not prejudiced by this. The Court can and will decide this, as it has indicated in its order, on Monday. Oracle can of course prepare its opening statement and say whatever it wants to say.

**Oracle's Position**

Oracle's position is that the Court should not summon the jury on Monday so that the Court can first resolve what computation of damages, if any, Grouse River may pursue at trial.

Grouse River's opposition to Oracle's motion *in limine* confirms that Grouse River has abandoned the only adequately disclosed computation of damages that remained in this case, and intends instead, to proceed to trial based upon the lump sum categories of damages disclosed in its interrogatory responses that are unsupported by any computation in the record (and reflect categories of damages that Grouse River is not entitled to recover as a matter of law). Oracle is preparing a response to Grouse River's opposition and intends to ask the Court to preclude Grouse River from introducing any evidence of damages and enter judgment in its favor pursuant to Federal Rules 26(a)(1)(A)(iii), 26(e), and 37(c)(1).

1  Oracle thus does not think that the Court should summon a jury on Monday because there
2  may no longer be a need for a jury (thus its language "at least").  But even if the Court disagrees
3  with Oracle, and concludes that there is some admissible computation of damages that Grouse
4  River is entitled to pursue at trial, Oracle must be given at least some additional time (until
5  Tuesday, assuming no additional discovery would be required) to prepare its opening statement
6  and defense, with an understanding of what those damages are and the evidence and computation
7  that underlies them.

8  Grouse River's proposal does not address the fundamental problem:  Oracle's defense must
9  account for what measure and amount of damages Grouse River is entitled to seek.  It cannot
10 effectively prepare and deliver an opening statement without this information.

Dated: July 5, 2019            LATHAM & WATKINS LLP

By:   /s/ Sarah M. Ray
    Sarah M. Ray
    Attorneys for Defendant *Oracle Corporation*

Dated: July 5, 2019

By:   /s/ Loren Kieve
    Loren Kieve
    Attorneys for Plaintiff *Grouse River Outfitters, Ltd*

**SIGNATURE ATTESTATION**

I, Sarah M. Ray, am the ECF User whose identification and password are being used to file the foregoing Joint Status Update.  Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I attest that concurrence in the filing of this document has been obtained.

Dated: July 5, 2019                        LATHAM & WATKINS LLP


                                           By:   /s/ Sarah M. Ray
                                                 Sarah M. Ray
                                                 Attorneys for Defendant *Oracle Corporation*