# EXHIBIT A

```
                                        Pages 1 - 99

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

       BEFORE THE HONORABLE LAUREL BEELER, JUDGE

GROUSE RIVER OUTFITTERS, LTD., )
                               )
         Plaintiff,            )
                               )
  VS.                          )   No. C 16-2954 LB
                               )
ORACLE CORPORATION,            )
                               )
         Defendant.            )
_____)   San Francisco, California
                                   Thursday, June 20, 2019
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

```
For Plaintiff:         KIEVE LAW OFFICES
                       2655 Steiner Street
                       San Francisco, California 94115-1141
                  BY:  LOREN KIEVE, ESQ.

                       SUSMAN GODFREY LLP
                       1000 Louisiana Street, Suite 5100
                       Houston, Texas 77002
                  BY:  STEPHEN SUSMAN, ESQ.

                       SUSMAN GODFREY LLP
                       1900 Avenue of the Stars, Suite 1400
                       Los Angeles, California 90067
                  BY:  MENG XI, ESQ.

 (Appearances continued on next page)




 Reported By:    Katherine Powell Sullivan, CSR #5812, RMR, CRR
                 Official Reporter - U.S. District Court
```

```
 1   requirements, and it doesn't contain that representation.  So,
 2   you know, if it's tethered to a document, the document has to
 3   say that.
 4        It is possible that possibly oral representation can be
 5   testified about at trial as long as they're disclosed in that
 6   chart; right?  I mean, they're in that chart.  And it's
 7   possible that they're oral.  And it's possible that they could
 8   be elicited by whoever you call or whoever you cross-examine.
 9   But that's an issue with that chart going to the jury at the
10   get-go.
11        If every single thing in that chart were tethered to a
12   document that was admissible, then that's fine.  You guys are
13   going to have to work that out.
14        If some are tethered to testimony, you know, then that
15   allegation survives as long as there's evidence that it was --
16   the representation actually was made.  But if it wasn't made,
17   that chart, in the end, for that thing doesn't go to the jury.
18        And that's why I thought that ultimately, at the end of
19   the day, maybe -- you know, whether we decide at the end of
20   trial to -- I never really, sort of, got the chart in the first
21   place, because it's not really a summary chart.
22        If you guys agreed it could go to the jury, I don't have
23   any problem with that.  It does summarize evidence.  You could
24   call it a summary of evidence, and you could agree that it be
25   admitted.
```

1       **MS. JOVAIS:**  No.

2       **THE COURT:**  They can go into the binders, which

3  doesn't mean that they go in.

4       So here's the thing.  The jury exhibits are here in a box.

5  The other exhibits are here.  You guys can swap them out if you

6  want to, and I'll just deal with the stuff later.

7       Again, one bankers box there.  I'll leave these four up

8  here for now, and I'll come collect them.  If you don't mind

9  just swapping them out, but I'm not going to have the clerk do

10 it.  They're all just working too hard.

11      **MS. XI:**  Thank you.

12      **THE COURT:**  Yeah.

13      (At 5:18 p.m. the proceedings were adjourned.)

14                          - - - - -

15

16

17              **CERTIFICATE OF REPORTER**

18      I certify that the foregoing is a correct transcript

19 from the record of proceedings in the above-entitled matter.

20 DATE: Tuesday, June 25, 2019

21

22

23            *Katherine Sullivan*

24 _____

25      Katherine Powell Sullivan, CSR #5812, RMR, CRR
                     U.S. Court Reporter