KIEVE LAW OFFICES
    Loren Kieve (56280)
    2655 Steiner Street
San Francisco, California  94115-1141
(415) 364-0060
lk@kievelaw.com

Stephen D. Susman (pro hac vice)
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
(713) 651-9366
Fax: (713) 654-6670
ssusman@susmangodfrey.com

Meng Xi (280099)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
(310) 789-3100
mxi@susmangodfrey.com

Counsel for Plaintiff
Grouse River Outfitters, Ltd.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GROUSE RIVER OUTFITTERS, LTD, <br><br> Plaintiff, <br><br> vs. <br><br> ORACLE CORP., <br><br> Defendant. | **CASE NO.  16-CV-02954 LB** <br><br> **GROUSE RIVER'S REPLY TO ORACLE'S POSITION ON REBUTTAL AND CLOSING ARGUMENT** |

**_Rebuttal:_**

Oracle's argument, Dkt. 344 at 3:19 *et seq.*, about what Mr. Fallis can and cannot properly

say on rebuttal is without merit.

1   None of Oracle's three fact witnesses were deposed. Grouse River had no idea what they

2   would testify to. All of their testimony was "unforeseen."

3   Glenn Fallis testified about a phone call with Branden Jenkins on or about January 6, 2014.

4   He said what happened in that call.  It did not include any mention that the NetSuite POS could or

5   could not handle serialized inventory. To everyone's surprise, Jenkins testified that (a) the purpose

6   of the call was to discuss POS and serialized inventory and (b) he told Fallis that POS could not

7   handle serialized inventory. It was particularly unforeseen because it is contradicted by a whole lot

8   of documents in evidence in the case. For present purposes, however, Mr. Fallis has the right, on

9   rebuttal, to tell the jury what actually happened and that Mr. Jenkins did not say anything like this

10  during the call.

11  In the parlance of the inapposite case Oracle cites, this was "unforeseen" testimony that

12  Grouse River has a right to rebut. *Daly v. Far E. Shipping Co. PLC.,* 238 F. Supp. 2d 1231, 1238

13  (W.D. Wash. 2003), *aff'd sub nom. Daly v. Fesco Agencies NA Inc.,* 108 F. App'x 476 (9th Cir.

14  2004) ("Rebuttal evidence is allowed 'to permit a litigant to counter new, unforseen [*sic*] facts

15  brought out in the other side's case.'" (citations omitted)); *see also United States v. Antonakeas,*

16  255 F.3d 714, 724 (9th Cir. 2001) ("Appellant, on direct examination during the defense case-in-

17  chief, opened the door for rebuttal by making sweeping denials of any involvement in drugs."),

18  As the court stressed in *Lepe v. Montgomery*, No. CV 18-157-GW (PLA), 2018 WL

19  5876809, at *13 (C.D. Cal. Sept. 12, 2018), *report and recommendation adopted sub nom. Lepe v.*

20  *Montgomery, W. L.*, No. CV 18-157-GW (PLA), 2019 WL 286107 (C.D. Cal. Jan. 18, 2019)

21  (citation omitted), "[t]he Supreme Court has never held that a prosecutor is precluded from

22  presenting, in rebuttal, admissible evidence discrediting the defendant's witnesses that could have

23  been presented during the prosecution's case-in-chief where, as here, the prosecution suspects --

24  but has no way to be certain -- that the defendant will present any alibi witness testimony."

25  The same holds true for rebutting Messrs. Swan's and Murphy's equally unbelievable

26  testimony. Grouse River could not have anticipated that Mr. Swan would come up with the notion

27  that "native," "standard" and "out-of-the-box" means something (and sometimes) like 80% (and at

28  other unspecified times something less or more than that percentage). Nor could Grouse River (or

1  anyone else) have imagined that Mr. Murphy would testify that he had no idea what "native"

2  meant, or that "gap" did not mean "gap," or that telling a potential customer that NetSuite could

3  meet the customer's stated business requirements would get a sales person "in a lot of trouble."

4        This is standard rebuttal fodder.

5        Of course, Mr. Fallis can rebut Oracle's expert's analysis of his business. Damages are part

6  of a plaintiff's case-in-chief, but the rebuttal of a defense expert's attack on the company itself is

7  not something that a plaintiff can, or should, put in its case-in-chief. *See United States v. Hankins*,

8  539 F. App'x 757, 758 (9th Cir. 2013) ("the defense expert's testimony opened up areas of inquiry

9  properly subject to rebuttal testimony. *See United States v. Beck*, 418 F.3d 1008, 1016 (9th

10  Cir.2005) (condoning the admission of testimony to rebut a defense witness' criticism of the

11  "methodology and use" of a photospread).").

12        Nor does Grouse River have to make a "proffer" of its rebuttal evidence. *See United States

13  v. Hankins*, 539 F. App'x 757, 758 (9th Cir. 2013) ("Rebuttal testimony is not subject to pretrial

14  disclosure. The government need not disclose even the names of rebuttal witnesses. *See, e.g.,

15  United States v. Gering,* 716 F.2d 615, 621 (9th Cir.1983). *A fortiori,* it need not disclose the

16  contents of their testimony.").

17        ***Closing Argument:***

18        The admitted trial exhibits are in evidence and go the jury. The parties are free to argue any

19  evidence in closing. Oracle's position on this point is meritless. *Rodriguez v. Cate*, No. CV 10-

20  8142-GHK SH, 2012 WL 2458114, at *13 (C.D. Cal. June 12, 2012), *report and recommendation

21  adopted,* No. CV 10-8142-GHK SH, 2012 WL 2428172 (C.D. Cal. June 26, 2012) (closing

22  argument was "based on the evidence").

23  Dated: July 14, 2019                   Loren Kieve

24                                          K‍IEVE L‍AW O‍FFICES

25                                          Stephen D. Susman
                                        Meng Xi

26

27                                          S‍USMAN G‍ODFREY L.L.P.
                                        By: __*/s/ Meng Xi*_____

28                                          Meng Xi

1

2  Counsel for Grouse River Outfitters, Ltd.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28