NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GROUSE RIVER OUTFITTERS, LTD., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ORACLE CORPORATION, <br><br> Defendant-Appellee, <br><br> and <br><br> NETSUITE, INC., <br><br> Defendant, <br><br> v. <br><br> EMILY HOLTON, <br><br> Movant. | No.    19-16602 <br><br> D.C. No. 3:16-cv-02954-LB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted December 8, 2020
San Francisco, California

---

    [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BOGGS,** M. SMITH, and BENNETT, Circuit Judges.

Grouse River Outfitters, Ltd. ("Grouse River") appeals various decisions of the district court.  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling on the specific issues addressed herein.  We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1), and we reverse in part, affirm in part, vacate the judgment and attorneys' fees award in Oracle Corporation's ("Oracle") favor, and remand to the district court for proceedings consistent with this disposition.

## Grouse River's § 496 Claim

The district court granted Oracle's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss Grouse River's claim for receiving stolen property under California Penal Code § 496.  "We review de novo a district court's dismissal under Rule 12(b)(6)."  *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019).  We must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to" Grouse River.  *Id.* (citation and quotation marks omitted).

---

\*\*       The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Grouse River's First Amended Complaint ("FAC") alleged that NetSuite[1] "by false or fraudulent representation or pretense, defrauded Grouse River of the money and funds it paid to NetSuite and thereby fraudulently got or obtained possession of money from Grouse River," and, as a result, Grouse River was injured pursuant to California Penal Code § 496. California Penal Code § 496(a) provides, in relevant part, that:

> Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft . . . , knowing the property to be so stolen or obtained . . . shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170.

Section 496(c) states that "[a]ny person who has been injured by a violation of subdivision (a) . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Cal. Penal Code § 496(c).

California courts have held that "[s]ection 496(a) extends to property 'that has been obtained in any manner constituting theft.'" *Bell v. Feibush*, 151 Cal. Rptr. 3d 546, 551 (Ct. App. 2013). California Penal Code section 484 defines theft and states that "[e]very person . . . who shall knowingly and designedly, by any

---

[1] NetSuite was purchased by Oracle Corp. in November 2016, and Oracle was substituted in NetSuite's place as the defendant in this lawsuit.

false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, . . . is guilty of theft." Cal. Penal Code § 484(a).

"[T]he elements required to show a violation of section 496(a) are simply that (i) property was stolen or obtained in a manner constituting theft, (ii) the defendant knew the property was so stolen or obtained, and (iii) the defendant received or had possession of the stolen property." *Switzer v. Wood*, 247 Cal. Rptr. 3d 114, 121 (Ct. App. 2019).[2]  Here, because the district court held that Grouse River had adequately pleaded its fraud claims, it follows that Grouse River adequately pleaded theft by false pretense (which satisfies the first element of a § 496 violation) because the elements of a civil fraud claim closely track those of theft by false pretense. *Compare* **ER[3] 177–78** *with* Judicial Council of California Criminal Jury Instructions 2020 ("CALCRIM"), No. 1804.  In addition, because theft by false pretense is a specific-intent crime and requires that the perpetrator have acted "knowingly and designedly," *see* Cal. Penal Code § 532(a), Grouse River also adequately pleaded the second element required to show a violation of

---

[2] *Siry Investment, L.P. v. Farkhondehpour*, 259 Cal. Rptr. 3d 466 (Ct. App. 2020), which interpreted § 496 as not authorizing a treble-damages award "whenever a plaintiff proves (or . . . sufficiently alleges) any type of theft—whether it be fraud, [or] misrepresentation," *id.* at 494–95, has no binding or precedential effect because the opinion is pending review before the California Supreme Court.  *See* Cal. Rules of Court 8.1115(e); *Siry Inv. v. Farkhondehpour*, 468 P.3d 701 (Cal. 2020).
[3] Excerpt of Record.

§ 496, *see Switzer*, 247 Cal. Rptr. 3d at 121. Finally, because it is not disputed that Grouse River paid Oracle for the software, the third required element is also met.[4]

We also hold that the error is not harmless. Oracle does not show that waiver is a defense to a § 496 claim under California law, and because there was no special verdict form on waiver, we cannot determine whether the jury's verdict in favor of Oracle resulted from a finding that Grouse River did not prove fraud, or instead that Grouse River waived its right to recovery.[5]

## Oracle's Rule 12(c) Motion

A Rule 12(c) motion is "functionally identical" to a Rule 12(b) motion, *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989), and we review the district court's ruling de novo. *Curtis*, 913 F.3d at 1151. A Rule 12(b)(6)

---

[4] In reasoning that "dual liability" barred Grouse River's claim, the district court misconstrued California law. Dual liability in the civil context bars § 496(a) liability for both breach of contract and fraud arising out of the same conduct. *See Bell*, 151 Cal. Rptr. 3d at 552. This principle is not implicated here, both because Grouse River was not given the opportunity to elect between a contract remedy and a § 496(a) remedy, and because Grouse River later voluntarily withdrew its contract claims. The district court further erred by holding that *Bell* required "additional conduct" beyond the statutory requirements—requiring an allegation that Grouse River demanded return of the funds Oracle allegedly received by means of false pretenses and that Oracle refused the demand. *Bell*, however, makes clear that the withholding of funds after demand is an alternative basis for liability, not an additional requirement for liability. *Id.*

[5] Grouse River requested a special verdict form on waiver, and Oracle opposed this request. As the district court specifically stated when rejecting Grouse River's request for a special-verdict form, the jury "just won't return a verdict on the fraud allegations" if they find waiver.

5

motion does not preclude a subsequent Rule 12(c) motion. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017).

"Whether a statement is puffery or a representation of fact is a question of law," *Yetter v. Ford Motor Co.*, 428 F. Supp. 3d 210, 234 (N.D. Cal. 2019), and we review de novo the district court's characterization of Grouse River's representations as "puffery." *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1140 (9th Cir. 2017). Statements that are "generalized, vague," or that contain "unspecific assertions" constitute puffery. *Glen Holly Ent., Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003).

The district court here erred in striking as "puffery" paragraphs 31 and 69 of the Second Amended Complaint ("SAC").[6] The district court struck both because it determined, as a matter of law, that they were "too general to be actionable fraud." Paragraph 31 claims that Oracle represented: "Speed of deployment in months not years." It was error to strike this representation. First, it is not necessarily too "generalized" or "vague" a statement to be actionable. *See id.* A deployment in less than twelve months meets the representation, and a deployment that takes longer (or materially longer) does not. Given the importance that Grouse River claims it placed on the speed with which the new software was to be

---

[6] Following Oracle's first Rule 12(b)(6) motion to dismiss the FAC, Grouse River was given leave to amend its complaint and thereafter filed the SAC.

6

implemented, adapted, and deployed, such a representation could be material. Therefore, viewing this allegation in the light most favorable to Grouse River, Oracle's knowledge that this representation as to speed of deployment was false, could support a fraud allegation.

Paragraph 69 of the SAC reads: "The [November 26, 2013] NetSuite presentation [to Grouse River] went on to show that the software only requires a subscription and eliminates the need to back-up, upgrade, migrate, tune, or replace software." These statements are not too general to be actionable. A statement can be both broad and sweeping, and yet specific, not general. The statement, made during a demonstration intended to induce Grouse River to buy, was that if Grouse River purchased a NetSuite subscription, there was no need to back-up, upgrade, migrate, tune, or replace software. Sweeping yes, but also specific. Evidence that Grouse River did indeed need to back up, upgrade, or replace the software could prove the alleged representation false.

Because we have no way of knowing whether Grouse River would have been successful in convincing a jury that Oracle acted fraudulently with regard to these two representations, we cannot determine that any error was harmless, and we instruct the district court to permit these representations to go to the jury in a new trial, absent a challenge by Oracle on other grounds not considered that the district court deems proper. Similarly, because it is impossible for us to determine

the impact the incorrect exclusions had as to the representations that were permitted to go forward, the district court must also permit the representations it previously deemed actionable to go to the jury in the new trial.

### Exclusion of Damages Pursuant to Rule 26(a)(1)(A)(iii)

We review the district court's grant of Oracle's tenth motion *in limine* for abuse of discretion, *see United States v. Ravel*, 930 F.2d 721, 726 (9th Cir. 1991), even when the grounds for the grant amount to a discovery sanction, *see Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). We find no abuse of discretion here.

District courts have broad discretion "to fashion an appropriate sanction for conduct which abuses the judicial process," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991), and courts have permitted parties to raise motions *in limine* pursuant to Rule 37, *see, e.g.*, *Vasquez v. City of Idaho Falls*, 2020 WL 687499, at *2 (D. Idaho Feb. 11, 2020). Oracle's motion was timely given that Grouse River sought to use the disclosed spreadsheet only after the district court struck its lost-profits expert.

The district court also did not abuse its discretion in determining that Grouse River did not adequately disclose several of the damage calculations in the spreadsheet. Rule 26(a)(1)(A)(iii) contemplates damages computation analysis and explanation. *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219,

221 (N.D. Cal. 2003); *see also Bastidas v. Good Samaritan Hosp. LP*, 2017 WL 1345604, at *7 (N.D. Cal. Apr. 12, 2017). Here, both were lacking, and the district court did not abuse its discretion in so holding.

### Mitigation of Damages and Consequential and Incidental Damages

We need not decide if the district court erred in instructing the jury on mitigation of damages and in failing to instruct on consequential and incidental damages. The jury never reached the question of damages, so any errors were necessarily harmless. *See Kennedy v. S. Cal. Edison Co.*, 268 F.3d 763, 770–71 (9th Cir. 2001).

### Jury Instructions on Waiver

Grouse River claims the waiver instruction was unsupported by the evidence. We would ordinarily review this issue for abuse of discretion. *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002). But Grouse River did not explicitly argue insufficiency to the district court and instead asked the court for a special verdict on waiver. Grouse River's sufficiency claim is therefore forfeited and may only be noticed if the error is plain. *See Crowley v. Epicept Corp.*, 883 F.3d 739, 748 (9th Cir. 2018). Any alleged error here was not plain, including because it did not "seriously impair[] the fairness, integrity or public reputation" of the proceeding. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1019 (9th Cir. 2014) (citation omitted).

## Attorneys' Fees

Because we reverse, Oracle is no longer the prevailing party and the district court's grant of attorneys' fees in Oracle's favor is vacated as moot.[7]  Nevertheless, we write briefly on this issue.

First, our review of the record indicates that Grouse River was not provided the opportunity to review unredacted or partially redacted time entries that Oracle submitted to support its attorneys' fees claim, even though the district court had previously concluded that Oracle had failed to show "good cause" why its documentation supporting its fee request should be sealed.  This was prejudicial to Grouse River, particularly because Oracle's fee request was granted in full.  To the extent attorneys' fees are sought at the conclusion of the new trial, the opposing party must be given a fair opportunity to object to the fee award sought, including by ensuring that it receive unredacted or partially redacted time entries.

Second, it was improper for the district court to grant in full an attorneys' fees request that was based largely on block billing where there was significant overlap in time billed for the same work between attorneys and it was difficult to ascertain how much time was spent on specific tasks.  We have recognized that

---

[7] Under California law, "the side that receives the net monetary recovery is the prevailing party" for attorneys' fees purposes. *Biren v. Equality Emergency Med. Grp., Inc.*, 125 Cal. Rptr. 2d 325, 334 (Ct. App. 2002) (citation and quotation marks omitted).

attorneys' fees awards can be reduced where a party block bills "because block billing makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Should the question of attorneys' fees come before the district court again, we urge the court to carefully review the submitted records and ensure that it is able to appropriately assess reasonableness.

Each party shall bear its own costs on appeal.

**REVERSED in part; AFFIRMED in part; VACATED; and REMANDED**.