Appendix 2

FILED

OCT 11 2017

FRESNO COUNTY SUPERIOR COURT
By_____
                    DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION – UNLIMITED CIVIL CASE

| | |
|---|---|
| TED SWITZER; | Case No:  11 CE CG 04395 MWS |
| Plaintiff, | **SPECIAL VERDICT** |
| v. | |
| FLOURNOY MANAGEMENT, LLC, et. al.; | |
| Defendants. | |
| And Related Cross-Actions | |

///

//

/

**PART I**
**Cross-Complaint of Ted Switzer (Direct Claims of Mr. Switzer)**

**A.**    **Please answer the following questions regarding cross-complainant Ted Switzer's claim for breach of contract:**

1.    Did Mr. Switzer and Mr. Wood enter into a partnership contract?

_____X_____ Yes            _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section B of this verdict form.

2.    Did Mr. Switzer do all, or substantially all, of the significant things that the contract required him to do or was his performance excused?

_____X_____ Yes            _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section B of this verdict form.

3.    Did Mr. Wood fail to do something that the contract required him to do, or did he do something that the contract prohibited him from doing?

_____X_____ Yes            _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to section B of this verdict form.

4.    Was Mr. Switzer harmed?

_____X_____ Yes            _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section B of this verdict form.

5.    Was Mr. Wood's breach of contract a substantial factor in causing Mr. Switzer's harm?

_____X_____ Yes            _____ No

**B.**    **Please answer the following questions regarding cross-complainant Ted Switzer's claim for intentional misrepresentation:**

1.    Did cross-defendant Mr. Wood make a false representation of a material fact to Mr. Switzer?

_____X_____ Yes            _____ No

Did cross-defendant Access Medical make a false representation of a material fact to Mr. Switzer?

_____X_____ Yes                    _____ No

If your answer to question 1 is yes as to either cross-defendant, then answer question 2 for that/those cross-defendant(s). If you answered no to both parts of question 1, stop here, answer no further questions, and proceed to section C of this verdict form.

2.      Did Mr. Wood know that the representation was false, or did he make the representation recklessly and without regard for its truth?

_____X_____ Yes                    _____ No

Did the Access Medical know that the representation was false, or did it make the representation recklessly and without regard for its truth?

_____X_____ Yes                    _____ No

If your answer to question 2 is yes as to either cross-defendant, then answer question 3 for that/those cross-defendant(s). If you answered no to both parts of question 2, stop here, answer no further questions, and proceed to section C of this verdict form.

3.      Did Mr. Wood intend that Mr. Switzer rely on the representation?

_____X_____ Yes                    _____ No

Did Access Medical intend that Mr. Switzer rely on the representation?

_____X_____ Yes                    _____ No

If your answer to question 3 is yes as to either cross-defendant, then answer question 4 for that/those cross-defendant(s). If you answered no to both parts of question 3, stop here, answer no further questions, and proceed to section C of this verdict form

4.      Did Mr. Switzer reasonably rely on the representation of Mr. Wood?

_____X_____ Yes                    _____ No

Did Mr. Switzer reasonably rely on the representation of Access Medical?

_____X_____ Yes                    _____ No

If your answer to question 4 is yes as to either cross-defendant, then answer question 5 for that/those cross-defendant(s). If you answered no to both parts of question 4, stop here, answer no further questions, and proceed to section C of this verdict form

5.      Was Mr. Switzer's reliance on Mr. Wood's representation a substantial factor in causing harm to Mr. Switzer?

_____X_____ Yes                    _____ No

        Was Mr. Switzer's reliance on Access Medical's representation a   substantial factor in causing harm to Mr. Switzer?

_____X_____ Yes                    _____ No

**C.      Please answer the following questions regarding cross-complainant Ted Switzer's claim for concealment:**

1.      Were Mr. Wood and Mr. Switzer partners?

_____X_____ Yes                    _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

2.      Did Mr. Wood intentionally fail to disclose certain facts to Mr. Switzer that Mr. Switzer did not know and that Mr. Switzer could not reasonably have discovered?

_____X_____ Yes                    _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

3.      Did Mr. Switzer know of the concealed facts?

_____ Yes                    _____X_____ No

If your answer to question 3 is **no**, then answer question 4. If you answered **yes**, stop here, answer no further questions, and proceed to section D of this verdict form.

4.     Did Mr. Wood intend to deceive Mr. Switzer by concealing the facts?

___✗___ Yes            _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

5.     If the omitted information ^had^ been disclosed, would Mr. Switzer reasonably have behaved differently?

___✗___ Yes            _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

6.     Was Mr. Switzer harmed by the concealment?

___✗___ Yes            _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and proceed to section D of this verdict form.

7.     Was Mr. Wood's concealment a substantial factor in causing Mr. Switzer's harm?

___✗___ Yes            _____ No

**D.     Please answer the following questions regarding cross-complainant Ted Switzer's claim for breach of fiduciary duty:**

1.     Was Mr. Wood the partner of Mr. Switzer?

___✗___ Yes            _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section E of this verdict form.

2.      Did Mr. Wood fail to act as a reasonably careful partner would have acted under the same or similar circumstances?

_____X_____ Yes                  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section E of this verdict form.

3.      Was Mr. Switzer harmed?

_____X_____ Yes                  _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to section E of this verdict form.

4.      Was Mr. Wood's conduct was a substantial factor in causing Mr. Switzer's harm.

_____X_____ Yes                  _____ No

**E.      Please answer the following questions regarding cross-complainant Ted Switzer's claim for breach of fiduciary duty of undivided loyalty:**

1.      Was Mr. Wood the partner of Mr. Switzer?

_____X_____ Yes                  _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section F of this verdict form.

2.      Did Mr. Wood knowingly act against Mr. Switzer's interests in connection with the income pooling partnership agreement or act on behalf of a party whose interests were adverse to Mr. Switzer in connection with the income pooling partnership agreement?

_____X_____ Yes                  _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section F of this verdict form.

3.      Did Mr. Switzer give informed consent to Mr. Wood's conduct?

_____ Yes                  _____X_____ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and proceed to section F of this verdict form.

4.      Was Mr. Switzer harmed?

_____X_____ Yes                  _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section F of this verdict form.

5.      Was Mr. Wood's conduct ~~was~~ a substantial factor in causing Mr. Switzer's harm.

     **X**     Yes                   No

**F.      Please answer the following questions regarding cross-complainant Ted Switzer's claim for conversion:**

1.      Did Mr. Switzer own or have a right to possess spinal implants?

     **X**     Yes                   No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section G of this verdict form.

2.      Did cross-defendant Mr. Wood substantially interfere with Mr. Switzer's property by knowingly or intentionally taking possession of or preventing Mr. Switzer from having access to the spinal implants or by refusing to return Mr. Switzer's spinal implants after Mr. Switzer demanded their return?

     **X**     Yes                   No

Did cross-defendant Access Medical substantially interfere with Mr. Switzer's property by knowingly or intentionally taking possession of or preventing Mr. Switzer from having access to the spinal implants or by refusing to return Mr. Switzer's spinal implants after  Mr. Switzer demanded their return?

     **X**     Yes                   No

If your answer to question 2 is yes as to either cross-defendant, then answer question 3 for  that cross-defendant. If you answered no to both parts of question 2, stop here, answer no further questions, and proceed to section G of this verdict form.

3.      Did Mr. Switzer consent to the taking by Mr. Wood and, if so, was the consent obtained without any fraud on the part of Mr. Wood?

                Yes      **X**     No

Did Mr. Switzer consent to the taking by Access Medical and, if so, was the consent obtained without fraud on the part of Access Medical?

                Yes      **X**     No

If your answer to question 3 is **no** as to either cross-defendant, then answer question 4 for that cross-defendant. If you answered **yes** to both parts of question 3, stop here, answer no further questions, and proceed to section G of this verdict form.

4.     Was Mr. Switzer harmed?

_____X_____ Yes          _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section G of this verdict form.

5.     Was Mr. Wood's conduct a substantial factor in causing Mr. Switzer's harm?

_____X_____ Yes          _____ No

Was Access Medical's conduct a substantial factor in causing Mr. Switzer's harm?

_____X_____ Yes          _____ No

If your answer to question 5 is yes as to either cross-defendant, then answer question 6 for that cross-defendant. If you answered no to both parts of question 5, stop here, answer no further questions, and proceed to section G of this verdict form.

6.     On what date were the spinal implants converted by Mr. Wood?

_____9/7/2011_____

On what date were the spinal implants converted by Access Medical?

_____9/7/2011_____

7.     What was the value of the spinal implants converted by Mr. Wood on the date of the conversion?

$ __513,083.00__

What was the value of the spinal implants converted by Access Medical on the date of the conversion?

$ __513,083.00__

///
///

**G.     Please answer the following questions regarding cross-complainant Ted Switzer's claim for negligence:**

1.     Was Mr. Wood negligent?

＿＿＿X＿＿＿ Yes          ＿＿＿＿＿＿＿＿ No

Was Access Medical negligent?

＿＿＿X＿＿＿ Yes          ＿＿＿＿＿＿＿＿ No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to section H of this verdict form.

2.     Was the negligence of Mr. Wood a substantial factor in causing harm to Mr. Switzer?

＿＿＿X＿＿＿ Yes          ＿＿＿＿＿＿＿＿ No

Was the negligence of Access Medical a substantial factor in causing harm to Mr. Switzer?

＿＿＿X＿＿＿ Yes          ＿＿＿＿＿＿＿＿ No

**H.     Please answer the following questions regarding cross-complainant Ted Switzer's claim for violation of Penal Code § 496:**

1.     Did Mr. Wood obtain by theft property belonging to Mr. Switzer or conceal or withhold or aid in concealing or withholding such property from Mr. Switzer?

＿＿＿X＿＿＿ Yes          ＿＿＿＿＿＿＿＿ No

Did Access Medical obtain by theft property belonging to Mr. Switzer or conceal or withhold or aid in concealing or withholding such property from Mr. Switzer?

＿＿＿X＿＿＿ Yes          ＿＿＿＿＿＿＿＿ No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to Part II of this verdict form.

2.      Did Mr. Wood know the property was obtained by theft at the time he received, withheld, concealed, aided in concealing or withholding the property from Mr. Switzer?

____X____ Yes          _____ No

Did Access Medical know the property was obtained by theft at the time it received, withheld, concealed, aided in concealing or withholding the property from Mr. Switzer?

____X____ Yes          _____ No

If you answered yes for any cross-defendant in question 2, then answer question 3 for that cross-defendant. If you answered no for all cross-defendants in question 2, stop here, answer no further questions, and proceed to Part II of this verdict form.

3.      Did Mr. Wood's violation of Penal Code section 496, subdivision (a), cause Mr. Switzer to suffer injury, damage, loss or harm?

____X____ Yes          _____ No

Did Access Medical's violation of Penal Code section 496, subdivision (a), cause Mr. Switzer to suffer injury, damage, loss or harm?

____X____ Yes          _____ No

If you answered yes for any cross-defendant in question 3, then answer question 4 for that cross-defendant. If you answered no for all cross-defendants in question 3, stop here, answer no further questions, and proceed to Part II of this verdict form.

4.      What is the amount of Mr. Switzer's actual damages caused by Mr. Wood's violation of Penal Code section 496, subdivision (a)?

$ 1,289,165.00

What is the amount of Mr. Switzer's actual damages caused by Access Medical's violation of Penal Code section 496, subdivision (a)?

$ 1,289,165.00

///
///

*Correction #1 (grammar)*

## PART II
## Cross-Complaint of Ted Switzer (Claims for the Benefit of Flournoy)

**I.     Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for concealment:**

1.     Was Mr. Wood was the sole manager of Flournoy?

___X___ Yes          _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

2.     Did Mr. Wood intentionally fail to disclose certain facts to Flournoy and Flournoy's non-managing member, Mr. Switzer?

___X___ Yes          _____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

3.     Did Flournoy and Mr. Switzer know of the concealed facts?

_____ Yes          ___X___ No

If your answer to question 3 is **no**, then answer question 4. If you answered **yes**, stop here, answer no further questions, and proceed to section J of this verdict form.

4.     Did Mr. Wood intend to deceive Flournoy and Mr. Switzer by concealing the facts?

___X___ Yes          _____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

5.     If the omitted information *had* been disclosed, would Flournoy and Mr. Switzer reasonably have behaved differently?

___X___ Yes          _____ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

6.     Was Flournoy harmed?

___X___ Yes          _____ No

If your answer to question 6 is yes, then answer question 7. If you answered no, stop here, answer no further questions, and proceed to section J of this verdict form.

7.      Was Mr. Wood's concealment a substantial factor in causing Flournoy's harm?

___X___ Yes                         _____ No

**J.      Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for breach of manager's duty:**

1.      Was Mr. Wood ~~the~~ the sole manager of Flournoy?

___X___ Yes                         _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to section K of this verdict form.

2.      Did Mr. Wood act in good faith toward Flournoy at all times in the performance of the duties and obligations required of him while acting as Flournoy's manager?

_____ Yes          ___X___ No  *3*

If your answer to question 2 is **no**, then answer question ~~2~~ *3*. If you answered **yes**, stop here, answer no further questions, and proceed to section K of this verdict form.

3.      Was Flournoy harmed by Mr. Wood's failure to act in good faith in the performance of the duties and obligations required of him while acting as Flournoy's manager?

___X___ Yes                         _____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and proceed to section K of this verdict form.

4.      Was Mr. Wood's failure to act in good faith in the performance of the duties and obligations required of him while acting as Flournoy's manager a substantial factor in causing Flournoy's harm?

___X___ Yes                         _____ No

**K.      Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for negligence:**

1.      Was Mr. Wood negligent?

___X___ Yes                         _____ No

Was Access Medical negligent?

___X___ Yes                         _____ No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to section L of this verdict form.

2.      Was the negligence of Mr. Wood a substantial factor in causing harm to Flournoy?

_____X_____ Yes            _____ No

Was the negligence of Access Medical a substantial factor in causing harm to Flournoy?

_____X_____ Yes            _____ No

**L.     Please answer the following questions regarding cross-complainant Ted Switzer's claim for the benefit of Flournoy for violation of Penal Code §496:**

1.      Did Mr. Wood obtain by theft property belonging to Flournoy or conceal or withhold or aid in concealing or withholding such property from Flournoy?

_____X_____ Yes            _____ No

Did Access Medical obtain by theft property belonging to Flournoy or conceal or withhold or aid in concealing or withholding such property from Flournoy?

_____X_____ Yes            _____ No

If you answered yes for any cross-defendant in question 1, then answer question 2 for that cross-defendant. If you answered no for all cross-defendants in question 1, stop here, answer no further questions, and proceed to Part III of this verdict form.

2.      Did Mr. Wood know the property was obtained by theft at the time he received, withheld, concealed, aided in concealing or withholding the property from Flournoy?

_____X_____ Yes            _____ No

Did Access Medical know the property was obtained by theft at the time it received, withheld, concealed, aided in concealing or withholding the property from Flournoy?

_____X_____ Yes            _____ No

If you answered yes for any cross-defendant in question 2, then answer question 3 for that cross-defendant. If you answered no for all cross-defendants in question 2, stop here, answer no further questions, and proceed to Part III of this verdict form.

3.      Did Mr. Wood's violation of Penal Code section 496, subdivision (a), cause Flournoy to suffer injury, damage, loss or harm?

_____X_____ Yes              _____ No

Did Access Medical's violation of Penal Code section 496, subdivision (a), cause Flournoy to suffer injury, damage, loss or harm?

_____X_____ Yes              _____ No

If you answered yes for any cross-defendant in question 3, then answer question 4 for that cross-defendant. If you answered no for all cross-defendants in question 3, stop here, answer no further questions, and proceed to Part III of this verdict form.

4.      What is the amount of Flournoy's actual damages caused by Mr. Wood's violation of Penal Code section 496, subdivision (a)?

$ _401,232.00_

What is the amount of Flournoy's actual damages caused by Access Medical's violation of Penal Code section 496, subdivision (a)?

$ _401,232.00_

## PART III
### Cross-Complaint of Robert Clark "Sonny" Wood, II

**M.      Please answer the following questions regarding cross-complainant Robert Clark "Sonny" Wood, II's claim for money lent:**

1.      Did Mr. Wood receive a valid assignment of Aramat Group, LLC's claim regarding a loan made to Omega Solutions?

_____X_____ Yes              _____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and proceed to Part IV of this verdict form.

2.      Did Aramat Group, LLC loan money to Ted Switzer at his request?

_____ Yes              _____X_____ No

Did Aramat Group, LLC loan money to Dixie Switzer at her request?

_____ Yes          ____X____ No

Did Aramat Group, LLC loan money to Switzer Medical, Inc. at its request?

_____ Yes          ____X____ No

Did Aramat Group, LLC loan money to Epsilon Distribution I, LLC at its request?

_____ Yes          ____X____ No

Did Aramat Group, LLC loan money to Charlie Medical, LLC at its request?

____X____ Yes          _____ No

If you answered yes for any cross-defendant in question 2, then answer question 3 for that cross-defendant. If you answered no for all cross-defendants in question 2, stop here, answer no further questions, and proceed to Part IV of this verdict form.

3.      What is the amount of money that Aramat Group, LLC lent to Ted Switzer at his request?

$_____

What is the amount of money that Aramat Group, LLC lent to Dixie Switzer at her request?

$_____

What is the amount of money that Aramat Group, LLC lent to Switzer Medical, Inc. at its request?

$_____

What is the amount of money that Aramat Group, LLC lent to Epsilon Distribution I, LLC at its request?

$_____

What is the amount of money that Aramat Group, LLC lent to Charlie Medical, LLC at its request?

$ 190,000.00

4.      Was the money lent by Aramat Group, LLC to Ted Switzer at his request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Dixie Switzer at her request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Switzer Medical, Inc. at its request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Epsilon Distribution I, LLC at its request paid back to Aramat Group?

_____ Yes          _____ No

Was the money lent by Aramat Group, LLC to Charlie Medical, LLC at its request paid back to Aramat Group?

____X____ Yes          _____ No

If you answered **no** for any cross-defendant in question 4, then answer question 5 for that cross-defendant. If you answered **yes** for all cross-defendants in question 4, stop here, answer no further questions, and proceed to Part IV of this verdict form.

5.      What amount of the money lent by Aramat Group, LLC to Ted Switzer at his request has not been paid back to Aramat Group?

$_____

What amount of the money lent by Aramat Group, LLC to Dixie Switzer at her request has not been paid back to Aramat Group?

$_____

What amount of the money lent by Aramat Group, LLC to Switzer Medical, Inc. at its request has not been paid back to Aramat Group?

$_____

What amount of the money lent by Aramat Group, LLC to Epsilon Distribution I, LLC at its request has not been paid back to Aramat Group?

$_____

What amount of the money lent by Aramat Group, LLC to Charlie Medical, LLC at its request has not been paid back to Aramat Group?

$_____

**PART IV**

**Damages**

N.      **Please answer the following questions regarding the claims of Ted Switzer:**

**Triggering Questions for Question 1:**  Question 5 in Section F.

**Instructions for Question 1:**  If your answer to Question 5 of Section F is NO or BLANK then go to Question 2 in this Section.  If your answer to this Question 5 of Section F is YES, then answer Question 1 in this Section.

1.      If you found that there was a conversion of spinal implants, what are Mr. Switzer's damages for conversion of spinal implants?

Value of the implants at the time of conversion:   $ 513,083.00

Lost profits from sales of the implants:   $ 513,083.00

Prejudgment interest:   $ 64,732.00

Go to Question 2.

**Question 2 Triggering Questions:**  Question 5 in Section A, Question 5 in Section B, Question 7 in Section C, Question 5 in Section D, Question 5 in Section E, Question 3 in Section G, Question 3 in Section H.

**Instructions for Question 2:**  If your answer to each of the above Triggering Questions is NO or BLANK then go to Section O.  If your answer to any of these Triggering Questions is YES, then answer Question 2.

2.      What are Mr. Switzer's damages for his other claims?

Unreimbursed expenses:   $ 293,904.67

Lost profits for sales made during the partnership period in 2011:   $ 318,666.00

Value of spinal implants (if you did not find a conversion of the implants):   $ N/A

Lost profits from the sales of the implants (if you did not find a conversion of the implants):   $ N/A

Prejudgment interest:   $ 77,283.00

If Mr. Switzer's damages are $0, go to Section P.  If Mr. Switzer's damages are greater than $0 then go to Question 3.

3.      If you find that Ted Switzer suffered damages, do you further find by clear and convincing evidence that Robert Clark "Sonny" Wood, II acted with malice, fraud or oppression as those terms are defined in the instructions provided to you?

_____X_____ Yes                    _____ No

Go to Question 4.

4.      If you find that Ted Switzer suffered damages, do you further find by clear and convincing evidence that Access Medical acted with malice, fraud or oppression as those terms are defined in the instructions provided to you?

_____X_____ Yes                    _____ No

Go to Section O.

1

2

**O.      Please answer the following questions regarding the claims of Ted Switzer made for the benefit of Flournoy:**

3

**Triggering Questions for Question 1:**  Question 7 in Section I, Question 4 in Section J, Question 2 in Section K, Question 3 in Section L.

4

**Instructions for Question 1:**  If your answer to each of the above Triggering Questions is NO or BLANK then go to Section P.  If your answer to any of these Triggering Questions is YES, then answer Question 2.

5

6

7

8

9

10

1.      What are Flournoy's damages?

Profits from sales at Santa Barbara Cottage Hospital and University Hospital, Augusta after August 15, 2011 and through December 31, 2011:            $ 401,232.00

Prejudgment interest:            $ 50,620.00

11

12

If Flournoy's damages are $0, go to Section P.  If Flournoy's damages are greater than $0, then go to Question 2.

*Correction*
*R6.*

13

14

15

16

2.      Shall Flournoy's damages include costs and attorney's fees, in an amount to be calculated by the Court after judgment, for which Flournoy will become responsible in the records inspection action filed by Mr. Switzer and in the cross-action filed by Flournoy against Ted Switzer, Dixie Switzer, Jean Holmes and others.

17

_____X_____ Yes            _____ No

18

Go to Question 3.

19

20

21

22

3.      If you find that Flournoy suffered damages, do you further find by clear and convincing evidence that Robert Clark "Sonny" Wood, II acted with malice, fraud or oppression as those terms are defined in the instructions provided to you?

_____X_____ Yes            _____ No

23

Go to Question 4.

24

25

26

4.      If you find that Flournoy suffered damages, do you further find by clear and convincing evidence that Access Medical acted with malice, fraud or oppression as those terms are defined in the instructions provided to you?

_____X_____ Yes            _____ No

Go to Section P.

*OUR ANSWER IS (YES)*

**P.**      **Please answer the following questions regarding the claims of Mr. Wood:**

**Triggering Questions for Question 1**: Question 5 in Section M.

1.      What are Mr. Wood's damages?

Money lent and not repaid:            $_____

Signed: _____, Presiding Juror

Dated: _____10/11_____, 2017

**AFTER THIS VERDICT FORM HAS BEEN COMPLETED, DATED AND SIGNED BY THE PRESIDING JUROR, PLEASE NOTIFY THE BAILIFF THAT YOU ARE READY TO PRESENT YOUR VERDICT IN THE COURTROOM.**