# Appendix 1

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1900 | **FILED**<br>OCT - 3 2017<br>FRESNO COUNTY SUPERIOR COURT<br>By_____<br>DEPUTY |
| PLAINTIFF/PETITIONER: Ted Switzer<br><br>DEFENDANT/RESPONDENT: FLOURNOY MANAGEMENT, ET AL | |
| **JURY INSTRUCTIONS GIVEN** | CASE NUMBER: 11CECG04395 |
| | DEPARTMENT: 501 |

# JURY INSTRUCTIONS GIVEN

TGN-49 R-5-04                                    JURY INSTRUCTIONS GIVEN

Instruction
No   15

A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

---

*New September 2003; Revised February 2005*

Instruction
No   16

**Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.**

---

*New September 2003; Revised October 2004, June 2015*

Mr. Switzer claims that Mr. Wood made a false representation that harmed him. To establish this claim, Mr. Switzer must prove all of the following:

1. That Mr. Wood represented to Mr. Switzer that a fact was true;

2. That Mr. Wood's representations were false;

3. That Mr. Wood knew that the representations were false when he made them;

4. That Mr. Wood intended that Mr. Switzer rely on the representation;

5. That Mr. Switzer reasonably relied on Mr. Wood's representations;

6. That Mr. Switzer was harmed; and

7. That Mr. Switzer's reliance on Mr. Wood's representations was a substantial factor in causing his harm.

Flournoy claims that it was harmed because Mr. Wood concealed certain information. To establish this claim, Flournoy must prove all of the following:

1. That Mr. Wood was the sole manager of Flournoy and Mr. Wood intentionally failed to disclose certain facts to Flournoy and Flournoy's non-managing member, Mr. Switzer;

2. That Flournoy and Mr. Switzer did not know of the concealed facts;

3. That Mr. Wood intended to deceive Flournoy and Mr. Switzer by concealing the facts;

4. That had the omitted information been disclosed, Flournoy and Mr. Switzer reasonably would have behaved differently;

5. That Flournoy was harmed; and

6. That Mr. Wood's concealment was a substantial factor in causing Flournoy's harm.

If you decide that Mr. Switzer has proven his and/or Flournoy's separate claims against Mr. Wood and/or Access Medical, you also must decide how much money will reasonably compensate Mr. Switzer and/or Flournoy for the harm. This compensation is called "damages."

The amount of damages must include an award for all harm that Mr. Wood and/or Access Medical was a substantial factor in causing, even if the particular harm could not have been anticipated.

Mr. Switzer must prove the amount of his and/or Flournoy's damages. However, Mr. Switzer does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

To decide the amount of damages you must determine the value of what Mr. Switzer and/or Flournoy would have received if the representations and/or promises of Mr. Wood and/or Access Medical had been true, or if there had been no failures to disclose by Mr. Wood and/or Access Medical, and subtract from that amount the value of what Mr. Switzer and/or Flournoy did receive.

Mr. Switzer and/or Flournoy may also recover amounts that they reasonably spent in reliance on Mr. Wood's and/or Access Medical's false representations, failures to disclose and false promises if those amounts would not otherwise have been spent.

based upon section 496, subdivision (c) of the Penal Code.

Penal Code section 496, subdivision (c) provides that any person injured by a violation of Penal Code section 496, subdivision (a), may bring an action for three times the amount of actual damages, if any, that he sustained and reasonable attorneys' fees.

Every person who buys or receives any property that has been stolen or has been obtained in any manner constituting theft, knowing that the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, is guilty of violating Penal Code section 496, subdivision (a).

The essential elements of this claim are:

1. Defendant received property which had been obtained by theft; or Defendant concealed or withheld or aided in concealing or withholding property from the owner which had been obtained by theft;

2. Defendant knew the property was obtained by theft at the time he received, withheld, concealed, aided in concealing or withholding from the owner the property; and

3. Defendant's violation of Penal Code section 496, subdivision (a), caused Plaintiff to suffer injury, damage, loss or harm; and

4. The existence and amount of Plaintiff's actual damages.