UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GROUSE RIVER OUTFITTERS LTD, <br> Plaintiff, <br> v. <br> ORACLE CORPORATION, <br> Defendant. | Case No. 16-cv-02954-LB <br><br> **ORDER** |

This order addresses the post-remand issues identified in the parties' joint CMC statement at ECF No. 429 and the submission at ECF No. 437.

First, the court denies Grouse River's motion to supplement its damages disclosures or to file an amended complaint. After remand, but for issues raised in the Ninth Circuit's decision, the case remains in essentially the same procedural posture: the parties should be ready to go to trial, for the reasons advanced by Oracle.

Second, the court already ruled on the record that it will permit Oracle a summary-judgment motion on the fraud allegations that the court dismissed as puffery. The Ninth Circuit's order does not preclude this. The court would prefer that Oracle forego the motion as these allegations were already tried before a jury, it is clear they do not meaningfully change the tenor of the case, and that approach makes for a cleaner record.

Third, the court adopts Oracle's chart at ECF No. 437-2.

ORDER – No. 16-cv-02954-LB

The court also issues two other orders.

First, the court understands the parties disagree about the schedule, but asks them to submit within one week of this order a scheduling chart in the appropriate form. If the parties disagree about dates, they must have a chart that reflects their dates and a blank order for the court's date. The chart should include a referral for a settlement conference and the timing, if the parties agree on that process. The parties will email a word copy to the court at lbpo@cand.courts.gov and to the court's direct email.

Second, regarding the California Penal Code § 496 claim, within one week, as part of the case schedule, the parties must propose a schedule for submitting their proposed jury instructions and verdict form to reflect the new charge. The court suggests a three-week schedule. The parties must use the process defined in the court's pretrial order: a joint submission with the parties' proposals, any model instruction or model verdict form, and any anticipated argument.[1] The parties may include any modifications to the existing jury instructions or verdict form (both the preliminary and final instructions) to reflect the new instruction and charge (such as the overview instruction). The parties may not at this juncture propose any other modifications. If it would be helpful to have the Microsoft Word version of the existing instructions or verdict form, the court can provide them via email, and the parties will include a blackline edit to show the changes in their filing.

**IT IS SO ORDERED.**

Dated: October 19, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[1] See Pretrial Order at ECF No. 55.